## DALLAS RY. CO. v. SPEER. (No. 9977.)

Court of Civil Appeals of Texas. Dallas. Oct. 1, 1927.

Rehearing Denied Nov. 12, 1927.

1. Street railroads ⬸81(4)—Street car motorman, turning at intersection, must exercise ordinary care for safety of travelers on street.

It was duty of street car motorman, when about to turn at intersection, to exercise ordinary care to so operate street car that those rightfully using street might do so with reasonable safety to themselves.

2. Street railroads ⬸99(1)—Travelers must exercise ordinary care to avoid injury by street car turning at intersection.

It was duty of those using street when street car turned at intersection to exercise ordinary care for their own safety to end that they might avoid injury to themselves.

3. Trial ⬸350(6)—Whether street car motorman failed to give sufficient warning when turning at intersection held for jury.

In suit by automobile passenger for personal injuries sustained in collision between automobile and street car, issue of failure of motorman to give sufficient warning of movement of street car when turning at intersection when automobile was approaching from opposite direction *held* for jury.

4. Trial ⬸350(6)—In suit by automobile passenger for injuries sustained in collision with street car, issue whether motorman was negligent in not stopping car sooner held properly submitted.

In suit by automobile passenger for damages for personal injuries sustained in collision between automobile and street car which was turning at intersection, where there was evidence to effect that, notwithstanding skidding of automobile, motorman continued movement of street car up to very time of collision, special issue whether it was negligent not to have stopped street car sooner than it was stopped *held* properly submitted.

5. Street railroads ⬸119—Findings on special issues of negligence in operation of street car held contradictory requiring mistrial.

In suit by automobile passenger for damages for injuries sustained in collision between automobile and street car turning at intersection, where, in answer to special issues whether it was negligence to run street car as it was run on occasion in question, and whether it was negligence not to have stopped street car sooner than it was stopped, jury exonerated defendant of negligence, but answered "Yes"

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to special issue whether motorman was negligent in matter of keeping lookout for automobile in which plaintiff was riding, there was such contradiction in findings as rendered it impossible for trial court to enter judgment, and it was error not to have declared mistrial.

**6. Trial &#9758;350(5)—Refusal to submit issue whether driver's negligence was sole proximate cause of passenger's injuries in collision with street car held error.**

In suit by automobile passenger for damages for personal injuries sustained in collision between automobile and street car turning corner, where there was evidence that, had driver continued without applying brakes, he could have passed street car in safety, submission of special issue whether automobie driver's negligence was sole proximate cause of passenger's injuries held improperly refused.

**7. Trial &#9758;350(6)—Where automobile skidded into street car turning corner, refusal to submit issue of inevitable accident held error.**

In suit by automobile passenger for damages for personal injuries sustained when automobile in which she was riding skidded into street car turning at intersection, refusal to submit special issue of inevitable accident, where specifically pleaded as an affirmative defense, held error, where evidence would have sustained jury's findings exonerating defendant from negligence, and also would have sustained findings of a jury that defendant was guilty of negligence proximately causing injuries.

**8. Damages &#9758;24—Damages for girl's permanent injuries, which would be impediment to marrying, were not too remote.**

Girl sustaining permanent injuries, which would be an impediment to her entering into marriage estate, could recover for them, even though evidence did not show that she contemplated an immediate entrance into matrimony, since entrance into marriage estate must be considered as the probable, and not speculative, future of every normal young woman, and court properly overruled exception to pleading and properly admitted evidence thereon, and properly overruled objections to charge on basis that such damages were speculative and remote.

Appeal from District Court, Dallas County; Claude A. McCollum, Judge.

Suit by Miss Elvay Speer against the Dallas Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

Carden, Starling, Carden & Hemphill, of Dallas, for appellee.

JONES, C. J. In a suit in a District Court of Dallas County, Miss Elvay Speer, appellee, recovered judgment against the Dallas Railway Company, appellant, in the sum of $1,035.35 for personal injuries sustained as the result of a collision between the automobile in which she was riding and one of appellant's street cars. Appellant has duly perfected its appeal to this court.

The collision between the street car and the automobile occurred at the intersection of Bryan street and Garrett avenue in the City of Dallas. While each of these streets runs at an angle, Bryan will be considered as running east and west and Garrett north and south. These streets intersect each other at right angles, and both streets are paved. Appellant has a line of street railway on Bryan street, crossing Garrett avenue at said intersection, and extending east on Bryan street for several blocks. Appellant also has such a line extending north on Garrett avenue from a connection with the former line at the intersection of the streets. Both of these railway lines are operated with double tracks. Streets cars for both of these lines are operated on Bryan streets to Garrett avenue, where those known as the Vickery cars leave Bryan street, going north on Garrett avenue, while those known as Belmont cars continue east on Bryan street.

On the night of June 21, 1924, the occasion in question, the appellee and Miss Ralls, in company with two young men, Harry Burkman and Benjamin Levenson, were returning to the home of the young ladies in South Dallas from an automobile ride. Levenson was the driver of the car, a Ford sedan, and Miss Ralls occupied the front seat with him. The others occupied the rear seat, the ladies being on the right-hand side of the car. The automobile had entered Bryan street some distance east of its intersection with Garrett avenue, and was traveling west as it approached this intersection. These streets were wet and slippery at this time from a rain that had fallen earlier in the evening.

When the automobile was about 200 feet east of the east line of Garrett avenue, its occupants first noticed the street car on Bryan street just west of the west line of Garrett avenue, where it had stopped for the purpose of letting passengers off. The motorman on the street car first noticed the automobile at about the same distance from Garrett avenue. None of the occupants of the automobile knew that there was a Vickery street car line making off from Bryan street on Garrett avenue at this place, and supposed that this car, when it started up, would continue east on Bryan street. The street car started up with the automobile approaching the east line of Garrett avenue, and just before it reached this line the street car began the turn into Garrett avenue, and first manifested the fact to the driver of the automobile that the street car would cross its path. Instantly, the automobile driver, fearing a collision, undertook to check the speed of, or stop, the car by applying the brakes of his car. This caused the automobile to skid

to the left, and its right side to collide with the front end of the street car, from which collision appellee suffered serious and painful injuries. The automobile was facing south when the collision occurred.

The case was submitted to the jury on special issues, and those findings that are pertinent to this inquiry are as follows:

"(1) Was it negligence to run the street car upon the track leading off from Bryan street into Garrett avenue, as it was run on the occasion in question? Answer: No."

"(3) Was it negligence not to have stopped the street car sooner than it was stopped? Answer: No."

"(5) Was it negligence to fail to give any signal by sounding of the gong upon the street car other than those, if any, which were given? Answer: No."

"(7) Was the motorman upon the street car upon such occasion negligent in the matter of keeping a lookout for the Ford sedan in which plaintiff was riding at the time and place in question? Answer: Yes.

"(8) Was such negligence, if any you have found in answer to the preceding question No. 7, a proximate cause of plaintiff's injury? Answer: Yes.

"(9) Before the street car stopped, did the defendant's motorman discover and realize that an occupant of the Ford sedan was in a perilous and dangerous situation in time to have avoided the injury to plaintiff by stopping the street car or reducing its speed? Answer: No."

The above constitute the affirmative submissions in behalf of appellee. In behalf of appellant, in response to defensive issues, the jury found: (a) Appellee was not guilty of negligence in not requesting the driver of the automobile to reduce its speed while approaching the place of collision; (b) appellee was not guilty of negligence with reference to the matter of keeping a lookout for said street car at the time and under the circumstances in question.

Appellant requested peremptory instruction in its favor on the theory of the failure of the evidence to raise any issue of actionable negligence in the case. It also requested in proper form a submission of the issues of "inevitable accident," and as to whether the skidding of the automobile was the sole proximate cause of appellee's injuries, and error is duly assigned on the refusal of the court to give these requested instructions. Appellant also contends, by proper assignment of error, that the finding of the jury on special issue No. 7 is in conflict with the findings of the jury on special issues Nos. 1 and 3, in that the findings of the jury on these latter issues necessarily absolved the appellant from the negligence found by the jury in response to issue No. 7, and that the finding of negligence on this issue contradicts the findings on said other issues. Appellant has also assigned error on the admission of certain evidence, the nature of which will appear from a discussion of the assignments relating to these matters.

Was there error in the refusal of the requested peremptory instruction? Bryan street and Garrett avenue, at the place where the collision occurred, are 36 feet wide from curb to curb. The outside measurement of the street car in question is 45 feet 8¾ inches in length. The switch point which first diverts the wheels of the car onto the Garrett avenue track is in Bryan street, several feet west of the Garrett avenue curb line. The front end of this street car, however, would be several feet east of the curb line of Garrett avenue before the car would begin to make the turn into Garrett avenue, and before an observer east of where this turn is made could determine from its movement and appearance that it would proceed on the Garrett avenue line. The turning of this car into Garrett avenue would effectually block west-bound travel on Bryan street until it had virtually cleared Bryan street.

The evidence of the occupants of the automobile is that this street car had begun to make the turn, and the front end of the car had reached or passed over the inside rail of the track for west-bound cars on Bryan street when the collision occurred; that none of the occupants of the automobile knew that there were tracks on Garrett avenue until the street car began making this turn, but believed until this time that the street car would proceed east on Bryan street, and not block or interfere with the passage of their automobile down Bryan street; that, when the street car started up from where it had been at a standstill, west of the curb line of Garrett avenue, there were no warning signals of any kind to indicate that it might block their path down Bryan street. The evidence of appellee and the other occupants is that, when the automobile was near the east curb line of Garrett avenue, it began to skid, caused by an application of the brakes by the driver, and continued to skid until its right side came in contact with the front end of the street car; that the street car was moving at the time of this contact, and moved a few feet after it; that the automobile had turned approximately at right angles to the way it was going, and was facing south when the collision occurred. The evidence of the driver of the automobile is that he applied the brakes when he discovered that the street car was turning north, and that he believed, unless he could stop his car, a collision between it and the street car was inevitable.

The evidence of appellant's motorman is that, when he first saw the automobile, it was coming west on the north side of Bryan street, and about 200 feet east of the Garrett avenue curb line; that he then looked both to the north and to the south to see if there was any approaching traffic either way on

Garrett avenue, and that, when he next saw the automobile, it had traveled about 150 feet west, and began to skid near the east curb line of Garrett avenue; that he at once stopped the car, and did this before it had begun to turn into Garrett avenue; that at the time of the collision the car was standing still; that, when he moved the street car after it stopped just west of the curb line of Garrett avenue he sounded the gong continuously until the collision. The motorman is corroborated in his evidence by other witnesses that were on the street car.

[1-3] It was the duty of appellant's motorman to exercise ordinary care on this occasion to so operate the street car as that those rightfully using the street might do so with reasonable safety to themselves; and it was the duty of those using the street at such time to exercise ordinary care for their own safety to the end that they might avoid injury to themselves. In the instant case, it cannot be said that actionable negligence existed in favor of appellee against appellant, unless there is substantial evidence tending to show that appellant's motorman failed in the discharge of the duty resting on him, and that appellee's injuries were the proximate result of such failure. It is contended by appellant that an analysis of the entire evidence indisputably shows that the skidding of the automobile was the sole proximate cause of the injury. That even, if the disputed evidence as to the giving of warning signals be resolved in favor of appellee, and this failure be negligence on the part of the motorman, it cannot avail appellee anything, for the reason that the occupants of the automobile observed the street car while it was standing still, and while they were at a distance of 200 feet east of Garrett avenue; observed it when it started up, and knew of its movements during all the time preceding the collision, and hence appellee and the driver of the automobile were in possession of all the knowledge that could have been given them by the warning signals, and cites numerous authorities to sustain this contention. We do not question the correctness of the authorities cited under the facts of the cases decided. If this street car had proceeded east on Bryan street, or if the occupants of the automobile had known that this street car was to turn north and block the passageway of the automobile, then the doctrine of the cited cases would be applicable to this case, but the evidence is that none of the occupants of the automobile knew that the street car would make the turn until it was too late to prevent a collision, under the slippery condition of the streets. We are of the opinion that the evidence raises the issue of the failure of the motorman to give sufficient warning of the movements of the street car on the occasion in question, and

called for the submission of this issue as given by the trial court.

Again, the jury could have concluded from the evidence that the motorman should have anticipated that, if he turned the street car from Bryan street across the path of the on-coming automobile, the driver of the automobile would be compelled to use its braking power in order to prevent a collision, and that, in using such power, with the automobile on the slippery street, there would be a strong probability of its skidding and getting beyond the driver's control, and result in the very accident that happened. We conclude that under the evidence it would have been error for the trial court not to have submitted special issue No. 1 comprehending this question.

[4] The evidence offered by appellee is to the effect that, notwithstanding the skidding of the automobile, the motorman continued the movement of the street car up to the very time of the collision. In view of this evidence, though it was in sharp conflict with evidence offered by appellant, it would have been error for the trial court not to have submitted the special issue comprehending this disputed question of fact, as was done by special issue No. 3.

It follows from the above discussion that it was not error for the trial court to have refused appellant's requested peremptory instruction, and all assignments of error on this issue are overruled.

[5] Are the findings of the jury in response to issue No. 7 contradictory to the findings of the jury in response to issues Nos. 1 and 3? In response to special issue No. 7, the jury found that appellant's motorman was negligent in the matter of keeping a lookout for the Ford sedan on the occasion in question, and in response to special issue No. 8 the jury found that such negligence was the proximate cause of the injury. The result of the failure to keep a lookout by the motorman in the instant case could only have caused: (a) The motorman to have moved the street car upon the track leading off from Bryan street into Garrett avenue when an ordinarily prudent man in the exercise of ordinary care would not have done so; (b) or a failure to stop the street car after it had been moved in time to have avoided the collision. In other words, the only results that could have followed a failure to keep a proper lookout were comprehended in special issues Nos. 1 and 3; said issues being in the nature of specific submissions of the more general submission of the same subject-matter comprehended by special issue No. 7. By the findings of the jury on special issues Nos. 1 and 3, appellant was exonerated of any acts of negligence that could have been comprehended by special issue No. 7. We are of the opinion that there is such a contradic-

tion in the findings of the jury as rendered it impossible for the trial court to enter a judgment. It was error for the trial court not to have declared a mistrial.

[6] There was evidence offered by appellant to the effect that, had the driver of the automobile continued his course down Bryan street without an application of the brakes, he could have passed the street car in safety. This evidence raised the issue of the negligence of the driver of the automobile in applying the brakes on this occasion, and, as there is evidence offered by appellant from which the jury could have exonerated appellant from any negligence, the issue is presented as to whether the negligence of the driver of the automobile was the sole proximate cause of appellee's injuries. A submission of this issue was requested, and its refusal assigned as error. We are of the opinion that the court erred in not submitting this issue, and the assignment of error in this respect is sustained.

[7] Error of the court is also duly assigned on the refusal of the court to submit the requested issue of "inevitable accident." This is an affirmative defense, specially pleaded, and, if raised by the evidence, under the settled law of this state, it was error not to have submitted affirmatively the issue. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 638, 35 S. W. 1059; Colorado & S. R. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Suttle v. Texas Electric Railway (Tex. Civ. App.) 272 S. W. 256; La. R. & Nav. Co. v. Reynolds (Tex. Civ. App.) 278 S. W. 954. The undisputed evidence shows that appellee was seriously injured in a collision between the automobile and the street car. The brief review of the evidence given above discloses that findings of the jury, exonerating appellant from negligence in causing the collision, would be sustained by this court; also that findings of a jury that appellant on this occasion was guilty of negligence proximately causing the injuries likewise would be sustained. Under such circumstances, appellant was entitled to have the attention of the jury especially directed to the issue of inevitable accident. The assignment of error, based on the refusal to give the requested charge submitting this issue, is sustained.

[8] Appellee in her petition, in describing the injuries she received at the time of the collision, among other things alleged:

"The aforesaid fractures and dislocations of the bones of her pelvis have resulted in abnormal bony prominence within the pelvic canal and altering the normal diameters of the pelvis by reducing the normal measurements so that upon marriage the birth of children will be accompanied with greatly more than normal pain, and so that their birth will have to be occasioned by other than the natural way, and by operation."

Appellant directed a special exception to this portion of the petition, on the ground that it is a conclusion, uncertain, indefinite, and remote, and seeks to recover speculative and remote damages, and duly assigned error on the action of the court in overruling such exception. When appellee offered evidence on this allegation, timely objection was made to its admission on approximately the same ground as the special exception. Appellant also excepted to the court's charge on the measure of damages because it did not exclude from the consideration of the jury items of damages based on this pleading and evidence. There was medical testimony sustaining the above allegation in its entirety. We are of the opinion the court did not err either in overruling the exception, excluding the evidence, or in overruling the objections to the charge on the measure of damages. The alleged physical defect, produced solely by the injuries received on the occasion in question, according to medical testimony, is permanent. It is the right of appellee to have the probable results of such injuries placed in evidence before the jury for their consideration in fixing the amount of damages suffered by her from such injuries. She has not the right to place before the jury either speculative or improbable results from such injuries. While appellee was unmarried, and, so far as the record discloses, was not contemplating an immediate entrance into matrimony, still entrance into the marriage estate must be considered as the probable, and not the speculative, future of every normal young woman. Certainly it could not be said that, in the event of the wrongful infliction of an injury upon a young unmarried woman, proof of the fact that one result of such injury would be an impediment to, or prevention of, the injured person entering into the marriage estate, was not a proper proof before a jury on the measure of damages. We also believe that, as the inevitable effect of this injury would be to cause appellee to shrink from motherhood—the highest fruit of matrimony—because of the added danger and hazard attending childbirth, proof of the effect of the injury in this respect is not open to the objection made. We conclude that no error was committed in overruling the objections to the charge of the court on the measure of damages, and all assignments of error raising these questions are overruled.

Because of the errors above pointed out, it is our opinion that this case should be reversed and remanded for a new trial not inconsistent with the views here expressed.

Reversed and remanded.