## STILES et al. v. UNION TERMINAL CO.
### (No. 10147.)

Court of Civil Appeals of Texas. Dallas.
Feb. 4, 1928.

Rehearing Denied March 3, 1928.

**1. Carriers ⟨Key⟩346(½)—Evidence held sufficient to sustain finding that plaintiff, injured by fall on ice when leaving depot, was negligent in looking where she was going.**

In suit against railroad company by one injured by slipping and falling on a patch of ice as she left defendant's depot, after having gone to depot to meet incoming passenger, evidence *held* sufficient to sustain jury's finding that she was negligent in matter of looking where she was going.

**2. Trial ⟨Key⟩358—Where verdict on material issues is conflicting, or where jury's findings are destructive of each other, there is no foundation for judgment.**

It is settled law that, where the verdict of the jury on material issues is conflicting, or where findings of jury are destructive of each other, there is no foundation for rendition of judgment.

**3. Carriers ⟨Key⟩286(4)—Railroad establishing two entrances to depot for patrons' use owed duty to exercise ordinary care to keep both safe for use.**

Railroad company, having established two entrances to its depot for use of persons having legitimate business therein, owed duty to such persons to exercise ordinary care to maintain each of such entrances and its approaches in a reasonably safe and suitable condition, so that, in the exercise of ordinary care, person using either of them could do so with reasonable safety to himself.

**4. Carriers ⟨Key⟩322—Finding that injured plaintiff was negligent in looking where she was going held nullified by findings of nonnegligence in not walking on nonslippery places and in manner of walking.**

In plaintiff's action against railroad company for injury from slipping and falling as she left railroad station, jury's finding that plaintiff was negligent in matter of looking where she was going *held* nullified by its findings that, in proceeding from depot, she was not negligent in not walking on nonslippery places, and that she was not negligent in walking over exitway from defendant's depot in direction in which she was going and in manner in which she was going.

**5. Carriers ⟨Key⟩347(1)—Whether plaintiff, injured by fall on leaving depot, was negligent in choosing exit, held for jury.**

In plaintiff's action against railroad company for injury from slipping and falling on patch of ice as she left defendant's depot, after having gone to depot to meet incoming passenger, whether plaintiff was negligent in choosing to leave by the door she selected when there were two doors *held* for jury.

**6. Trial ⟨Key⟩350(1)—Special issues that do not in themselves form basis for judgment should not be submitted.**

Special issues that do not in themselves form a basis for judgment should not be submitted to the jury.

Appeal from District Court, Dallas County; Lorene Young, Judge.

Suit by Mrs. Gertrude W. Stiles and another against the Union Terminal Company. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

Robertson, Robertson & Gannon, of Dallas, for appellee.

JONES, C. J. Mrs. Gertrude W. Stiles, joined by her husband, N. F. Stiles, filed suit in a district court of Dallas county against appellee, the Union Terminal Company, a corporation, maintaining and operating the Union Depot in the city of Dallas, for damages for personal injuries to Mrs. Stiles, received through the alleged negligence of appellee, while she was leaving such depot on December 20, 1924. A trial was to a jury, and the issues of fact involved submitted on special issues in the form of interrogatories for the jury to answer. Upon the verdict, in response to these special issues, the court entered a judgment in favor of appellee. As the husband, N. F. Stiles, is a pro forma party, the term "appellant" will be applied to Mrs. Stiles. The appeal has been duly perfected to this court by appellant.

The facts are: That on December 20, 1924, appellant visited appellee's premises for the purpose of meeting her aged mother, who was traveling alone from Missouri to visit her. Upon inquiry, after she entered appellee's premises, she was informed that the train on which her mother was traveling would not arrive until some hours later, and, while she was leaving the premises, expecting to return at the designated time, she slipped and fell, from which she received serious and painful injuries to one of her lower limbs.

There are two entrances to appellee's depot from Houston street—one is termed the "south, or first, entrance," and the other the "north, or second, entrance." Appellant drove to this depot in an automobile, which she parked on Houston street in front of the north entrance, and entered the building by means of this entrance, and was making her exit by means of the same entrance, when she suffered her injury. The south entrance is of more frequent use by arriving and departing passengers. On a day or two preceding appellant's injury, the city of Dallas was visited by a fall of sleet and snow that covered the outside approaches to the north en-

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

trance of the depot building proper to such an extent as to render such approaches more or less hazardous to the footing of those using this entrance. Appellee was caused to slip and fall while using the north exitway by reason of the accumulation of snow and ice thereon. As to whether she could have avoided stepping upon the ice on this entrance is disputed testimony, and the findings of the jury on this issue are such that we can make no finding thereon. The south entrance appears from the evidence to have been rendered safe for the use of those desiring to enter or leave the depot. The approaches to this entrance are several feet south of the approaches to the entrance used by appellant.

The allegations in appellant's petition state a cause of action, based on the negligence of appellee in the manner in which it maintained its entrances to its depot, after the fall of snow and sleet preceding appellant's injury. Negligence is charged in this respect, and appellant's injuries are alleged to be the direct result of such negligence.

In its answer to the merits, appellee denied that it had permitted its premises to become in an unsafe condition by reason of the falling of snow and ice on such premises, particularly alleging the safety of the south entrance, and further alleged that appellant's injuries were directly caused or contributed to by her own negligence, this pleading in effect being as follows: (1) Negligence in the matter of "looking where she was going"; (2) negligence in the matter of a failure to avoid "stepping upon, or going upon, spots or patches of ice or other slippery places" in her exit from the depot when the condition of the passageway over which she was making her exit was such as to give ample space for safe walking, and to avoid stepping or going on the patches of ice or slippery places that may have been on such passageway; (3) negligence "in that said Gertrude Stiles, on the occasion in question, could, by the use of ordinary care for her own safety, have walked over the approach to defendant's depot in the direction in which she was going without slipping or falling, which the said Gertrude Stiles negligently failed to do"; (4) negligence in that appellant could have entered said depot by means of the south entrance, which had been rendered safe and secure to those visiting the depot, instead of using the north entrance.

The disputed issues of fact as to whether appellee was guilty of actionable negligence were submitted by special issues Nos. 1 and 2, and such issues, and the verdict of the jury thereon, are as follows:

"No. 1. Was the defendant, Union Terminal Company, negligent in permitting its second exit from the south to be in the condition in which it was on the occasion in question? Answer: Yes.

"No. 2. Was such negligence, if any you have found in answer to special issue No. 1, the proximate cause of the injuries to plaintiff? Answer: Yes."

The disputed issues of fact as to whether appellant was guilty of negligence that caused, or contributed to, her injury, were submitted in several special issues. Such issues, and the verdict thereon, are as follows:

"No. 3A. On and immediately prior to the occasion in question, was the plaintiff, Mrs. Gertrude Stiles, negligent in the matter of looking where she was going? Answer: Yes.

"No. 4. Was such negligence, if any you have found, a proximate cause of Mrs. Stiles slipping and falling upon the ground? Answer: Yes."

"No. 6. On the occasion in question, was plaintiff, Mrs. Gertrude Stiles, negligent, in proceeding from the defendant's depot, in not walking on nonslippery places, if you find there were nonslippery places where she could have walked? Answer: No."

"No. 8. On the occasion in question, was the plaintiff, Mrs. Gertrude Stiles, negligent under all the circumstances in using the second exit from the south of defendant's depot instead of using the first exit from the south of defendant's depot? Answer: No."

"No. 10. On the occasion in question, was the plaintiff, Mrs. Gertrude Stiles, negligent in walking over the exitway from defendant's depot in the direction in which she was going in the manner in which she was walking? Answer: No."

In response to special issue No. 13, the jury placed appellant's damages at $3,850. By reason of the answers of the jury to special issues Nos. 3A and 4, the court entered judgment in favor of appellee.

Reversal of this case is urged principally on the grounds: (a) That the finding of the jury that appellant was negligent in the matter of looking where she was going is not sustained by any substantial evidence in the case; (b) that the finding on such issue is contradicted and nullified by the findings of the jury on special issue No. 6, to the effect that appellant was not negligent, because she did not walk on nonslippery places, and on special issue No. 10, to the effect that appellant was not negligent in the manner in which she was walking on such occasion.

[1] The assignments of error, in reference to the first of these grounds, we overrule. There is evidence in the record to the effect that, while there were slippery places along the exitway used by appellant, occasioned by the previous fall of sleet and snow, such places were only in "patches," and the jury could draw the legitimate inference therefrom that a person, in the exercise of ordinary care in the matter of looking where he was going, and in the manner of walking, could have avoided such slippery places, notwithstanding appellant's evidence does not admit of such an inference.

[2] The assignments of error on the other ground require a more extended consideration. It is the settled law of this state that, where the verdict of the jury on material issues is conflicting, or where the findings of the jury are destructive of each other, there is no foundation for the rendition of a judgment. Northern Texas Traction Co. v. Weed (Tex. Com. App.) 300 S. W. 41; Williams v. Zang (Tex. Com. App.) 279 S. W. 816; First National Bank v. Rush (Tex. Com. App.) 246 S. W. 349; Dallas Railway Co. v. Speer (Tex. Civ. App.) 299 S. W. 507; Castleberry v. Pullman Co. (Tex. Civ. App.) 251 S. W. 520.

[3, 4] Appellee, having established the two entrances to its depot for the use of persons having legitimate business therein, owed the duty to such persons to exercise ordinary care to maintain each of these entrances and its approaches in a reasonably safe and suitable condition, so that, in the exercise of ordinary care, a person using either of them for such purpose could do so with reasonable safety to himself. The evidence raised the issue of a breach of this duty to appellant, and the jury resolved this issue in her favor. The evidence also raised an issue as to the failure of appellant to exercise ordinary care for her own safety. In response to special issues Nos. 3A and 4, submitting an issue of her failure in this respect, the jury resolved against her. In response to special issues Nos. 6, 8, and 10, also submitting issues of her failure in such respect, the jury resolved in appellant's favor. Is the finding of the jury, on special issue No. 3A, that appellant "was negligent in the matter of looking where she was going," contradicted or nullified by the finding on special issue No. 6, to the effect that appellant was not negligent in a failure to walk on nonslippery places, as she proceeded from the depot, and the finding on special issue No. 10, to the effect that she was not negligent in the manner in which she walked over the exitway? If she had exercised ordinary care in the matter of looking where she was going, such care could not have comprehended more than the proper care as to where she stepped, in reference to the nonslippery places, and the proper care in the manner in which she was walking along said exitway. In other words, a person could not be guilty in the matter of looking where he was going if he observed ordinary care as to where he stepped, and ordinary care in the manner used in making his steps. The effect of the finding of the jury in response to special issue No. 6 is that appellant observed ordinary care as to where she stepped in her journey out of the depot, and the effect of the answer of the jury to special issue No. 10 is that she observed ordinary care in the mode or method employed in the matter of walking at the time she was injured. If she had exercised ordinary care in the matter of looking where she was going, could such care have caused her to take more precautions than the jury found she did in response to special issues Nos. 6 and 10? We think not, and hold these findings nullify each other.

[5] Special issue No. 8, in regard to the route she chose in her exit from the depot, is a separate and distinct defensive matter raised both by appellee's pleading and the evidence. While appellee owed the duty in reference to both entrances, as above stated, still the duty resting upon appellant, to exercise ordinary care for her own safety applied to her conduct in the matter of choosing the entrance she used, as well as to the other matters, and it was for the jury to determine whether she was negligent in this respect.

[6] As this case must be retried, we suggest to the court that in our opinion special issues Nos. 3 and 5 submit only evidentiary matters that do not in themselves form a basis for any judgment, and therefore should not have been submitted.

All assignments of error not herein discussed have been considered and overruled. For the reason above given, we are of the opinion that the findings of the jury on the negligence of appellant are in such conflict that they do not form a proper basis for the judgment rendered, and the case should be reversed and remanded for another trial.

Reversed and remanded.