### STEWART et al. v. BUSH.
### No. 11345.

Court of Civil Appeals of Texas. Dallas.
Sept. 17, 1932.

Rehearing Denied Oct. 29, 1932.

Cantey, Hanger & McMahon, of Ft. Worth, for relators.

Renfro, Ledbetter & McCombs, of Dallas, for respondent.

### LOONEY, J.

H. A. Glidewell sued A. F. Stewart in the county court at law No. 1 of Dallas county to recover damages for injuries sustained by his automobile in a collision with a truck belonging to defendant Stewart while parked on the north side of the paved highway near Chalk Hill between the cities of Dallas and Fort Worth. The truck was operated by Stewart under permit from the Railroad Commission, and the Continental Casualty Company, having issued its policy in accordance with statutory requirements, was also made a defendant. The case was tried to a jury, but, because the trial court concluded that certain of their findings were in irreconcilable conflict, the motion for judgment filed by defendants was overruled, and a mistrial declared, whereupon said defendants, relators

here, filed this original proceeding for mandamus, under article 1824, R. S., as amended by an act of the Legislature approved March 2, 1929 (Session Acts, p. 68, 41st Legislature, c. 33 [Vernon's Ann. Civ. St. art. 1824]), to compel Hon. Paine L. Bush, judge of said court, to proceed to judgment in accordance with the findings of the jury, which, relators contend, are not in irreconcilable conflict. We do not deem it necessary to set out, in full, all findings of the jury; suffice it to say they found defendant Stewart guilty of actionable negligence in several respects, but also found in at least three respects that plaintiff was guilty of contributory negligence, the effect being to nullify all findings in favor of plaintiff so as to entitle defendants to judgment unless, as held by the trial court, the findings are so conflicting as not to be reconciled. The findings involved in the inquiry are these:

In answer to special issue No. 10, the jury found that plaintiff was not, at the time and under the circumstances, driving and operating his auto at an excessive rate of speed; to No. 11, they found that plaintiff was negligent in failing to keep and maintain a proper lookout for other vehicles on the highway at the time and place in question that proximately contributed to cause the injury complained of; to No. 15, they found that plaintiff was guilty of contributory negligence in attempting to pass on the left of defendant's truck at a time when the left-hand side of such highway was not clear and unobstructed for a distance of fifty yards; to No. 16, they found that plaintiff, in overtaking and passing the truck of defendant, did not fail to give such assistance as the circumstances reasonably demanded in order to obtain clearance to avoid accident; to No. 17 they answered that plaintiff was negligent in attempting to pass at a rate of speed in excess of 15 miles per hour a vehicle approaching on his left side.

We are of opinion that there exists a reasonable doubt as to whether or not jury findings Nos. 10 and 17 are conflicting, also that the same exists as to findings Nos. 15 and 16, above set out, but we find no reason for holding that finding No. 11 is in irreconcilable conflict with any other finding of the jury.

Here the jury found plaintiff guilty of negligence proximately contributing to the injuries, in failing to keep and maintain a proper lookout for other vehicles on the highway at the time and place in question. The question of speed is not here involved, and the jury could properly have found, as they did, that, after the emergency caused by plaintiff's own negligence in failing to keep a lookout arose, he did not fail to give such assistance as the circumstances reasonably demanded, but it is obvious that nothing in the

nature of assistance, within the meaning of the issue in question, was required of plaintiff until he discovered the situation, that is, the presence of other vehicles upon the highway, but, the jury having found that this situation was brought about by his own negligence, and being uncontradicted, is in our opinion fatal to plaintiff's right to a recovery. Under the doctrine announced by the Commission of Appeals approved by the Supreme Court, in Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S. W. 296, we hold that the trial court was without judicial discretion in the premises, and should have entered judgment for defendants; hence the writ as prayed for will issue.

Mandamus granted.