**DALLAS RY. & TERMINAL CO. v. WATKINS, District Judge, et al.**

No. 12180.

Court of Civil Appeals of Texas. Dallas.

Dec. 14, 1935.

Rehearing Denied Jan. 11, 1936.

See, also, 86 S.W.(2d) 1081.

Worsham, Rollins, Burford, Ryburn & Hincks and Autry Norton, all of Dallas, for relator.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for respondents.

**LOONEY, Justice.**

This is an original application for a writ of mandamus commanding Hon. Royall R. Watkins, judge of the Ninety-Fifth judicial district court of Dallas county, to enter judgment for defendant, in conformity to the verdict of the jury rendered on the trial of cause No. 100457–A, pending in said court.

B. H. Duncan and wife, Ina Mae Duncan, sued the Dallas Railway & Terminal Company to recover damages for the death of their son, James Duncan, resulting from a collision that occurred on a public street of the city of Dallas between an automobile in which deceased was riding as a guest of Erman Craydon, driver of the automobile, and a street car belonging to defendant, operated at the time by its agent, servant, or employee. The pertinent issues of negligence and contributory negligence, framed by pleadings and supported by evidence, are sufficiently indicated by the findings of the jury, as hereinafter mentioned.

In answer to a proper submission, the jury convicted the defendant of actionable negligence, in that its motorman failed to keep a proper lookout. This finding established defendant's liability and entitled plaintiffs to judgment for the amount of damages ascertained by the jury, unless defeated by their findings on issues as to the contributory negligence of deceased.

In answer to proper submissions, the jury found that deceased was guilty of negligence in failing to keep a lookout for the street car at the time and place in question, and that such negligence proximately caused or contributed to cause the collision. This finding effectually defeated plaintiffs and entitled defendant to judgment, unless a mistrial should have been declared by reason of an irreconcilable conflict between this finding and other findings on issues as to the alleged contributory negligence of deceased.

After finding deceased guilty of contributory negligence, as just stated, the jury, in response to separate issues, found that deceased failed to warn the driver of the car in which he was riding of the approaching street car; that he failed to request the driver to slow down the car for the crossing; that he failed to request the driver of the automobile to apply the brakes on the car as they approached the crossing, and that he failed to apply the emergency brake prior to the collision, but found that said failures on the part of deceased did not constitute negligence.

Plaintiffs moved for a new trial, based upon several grounds, among others, that the answer of the jury convicting deceased of contributory negligence in failing to keep a lookout was in conflict with the other findings acquitting deceased of negligence in other respects. The defendant, denying the existence of a conflict, moved for judgment in conformity to the verdict of the jury. After duly considering these motions, the court entered an order, reciting: " * * * And the court having heard the motion and argument of counsel for plaintiffs and defendant, and being fully advised in the premises, is of the opinion that the motion of the defendant, Dallas Railway & Terminal Company, for a judgment on said verdict should be in all things overruled, for the sole and only reason that the court finds that the answers of the jury to the special issues submitted are in irreconcilable conflict and will not support a judgment for the defendant, and the court is of the opinion that the plaintiffs' motion to set aside the verdict, and to grant a new trial herein should be in all things overruled, but that a mistrial should be declared herein, for the sole and only reason hereinabove stated," and it was so ordered by the court.

In answer to the show-cause order, the respondent, Hon. Royall R. Watkins, filed under oath his answer, which, in so far as is material, states: " * * * That in the exercise of his judicial powers he determined that there was a conflict in material issues in the jury verdict, and therefore set aside the verdict and refused to render a judgment thereon. The jury by its verdict found the defendant guilty of negligence, but, in answer to special issues submitting the contributory negligence of plaintiffs' deceased son it found him guilty of contributory negligence only on one ground, to wit, that of failing to keep a lookout. But in answer to separate special issues following this one the jury acquitted said deceased of any negligence in failing to warn the driver of the automobile in which he was riding of the approach of the street car, or in failing to request the driver to slow down or to put on his brakes, or in failing to put on the emergency brake himself. Since the jury thus acquitted the deceased of any negligence in doing or failing to do any act which keeping a proper lookout would have required him to do or not to

do, these findings are necessarily in conflict as a matter of law with the finding that the deceased was guilty of negligence in not keeping a lookout. If any authority is needed to support this judicial determination by respondent, there is ample authority for such holding. See Dallas Ry. Co. v. Speer (Tex.Civ.App.) 299 S.W. 507; Stiles v. Union Terminal Co. (Tex. Civ.App.) 1 S.W.(2d) 947; Garlitz v. International-Great Northern Ry. Co. (Tex. Civ.App.) 11 S.W.(2d) 591. Wherefore, respondent shows that said petition for mandamus should be denied."

We think the able trial judge erred in declaring a mistrial, on the idea that an irreconcilable conflict existed between the findings on the issues of contributory negligence, hence we believe that judgment should have been rendered for defendant in conformity to the verdict as interpreted by us.

■ The issues on contributory negligence were separately plead and submitted. Answering issues Nos. 17 and 18, the jury could have found deceased not guilty of contributory negligence in the matter of keeping a lookout, necessarily implying that deceased discovered the approaching street car in time, by the exercise of reasonable care for his own safety, to have avoided a collision, and yet, with perfect propriety, and without a conflict, could have found him guilty of contributory negligence on either or all of the other issues. However, having found deceased guilty of contributory negligence in failing to keep a lookout, necessarily implying that the approaching street car was not discovered by him in time to have avoided the collision, by the exercise of reasonable care in the respects submitted in issues Nos. 19, 22, 25, and 28, a finding convicting deceased of contributory negligence under either of the latter issues, in our opinion, would have been inconsistent and incongruous, because deceased was not required to exercise care in the respects mentioned until discovering the approach of the street car and realizing the imminence of a collision. So we conclude that the findings, acquitting deceased of contributory negligence in failing to adopt the precautionary measures mentioned in these issues, are not inconsistent with the finding that he was guilty in failing to keep a proper lookout for the approaching street car.

■■ Respondents contend that mandamus will not issue to control the judicial discretion of a trial court as to the nature or character of the judgment that should be rendered. The general rule is as announced, and we have found dictum in cases of the nature of the one under consideration to the effect that, where there is a reasonable doubt as to the existence of a conflict in the jury findings, "it might be said that the court could find such conflict in the exercise of judicial discretion." Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, 300. But when can it be said that a reasonable doubt exists? The law books furnish no rule as a guide in determining the matter. We think each case presents a separate and distinct problem. The findings of a jury are either consistent and reconcilable or inconsistent and irreconcilable; one judicial tribunal may determine the question one way, and another to the contrary. However, we all agree that, where an irreconcilable conflict does exist, a mistrial should be declared, but in the absence of such conflict, the statute (article 2211, R. S.1925, as amended by Acts 1931, c. 77, § 1 [Vernon's Ann.Civ.St. art. 2211]) mandatorily directs that "the judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give to the party all the relief to which he may be entitled either in law or equity." The findings of a jury based upon evidence constitute the undisputed facts of the case, hence no room for the exercise of a judicial discretion could exist, the question presented being one purely of law arising on undisputed facts; and where, as in the instant case, the appellate court holds that the findings are consistent and reconcilable, the trial court should be directed to perform its statutory duty; that is, to render judgment in conformity to the verdict. This we think is the doctrine underlying all of the decisions where appellate courts have granted writs of mandamus compelling trial courts to render judgments in conformity to verdicts. See Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Stewart v. Bush (Tex. Civ.App.) 53 S.W.(2d) 842; Southland-Greyhound Lines v. Richardson (Tex. Com.App.) 86 S.W.(2d) 731; Swann v. Wheeler (Tex.Com.App.) 86 S.W.(2d) 735.

The writ of mandamus will issue in accordance with the prayer of relator's petition.

JONES, Chief Justice (dissenting).

Unable to agree to the disposition of this case made by the majority of this court, the writer feels it his duty to file a dissenting opinion, stating what he believes to be the law that should govern the disposition of this case.

It is settled law in this state, as shown by citations in the majority opinion, that, if there is returned into court a jury verdict giving findings on all of the issues submitted for its determination, and if these findings fix the character of judgment to be rendered thereon, the rendition of judgment by the trial court, in conformity to such verdict, becomes a mere ministerial act, and, if such court refuses to perform this ministerial duty, a higher court can compel such performance by the writ of mandamus. Under such conditions, no discretion is left to the trial court; hence there is nothing to invoke the judicial power of such court.

On the other hand, it is also the settled law of this state, as shown by the decisions cited in the opinion of the majority, that, if there appears on the face of the findings of the jury on the special issues submitted a conflict in the findings of the jury on material issues, then the judicial power of the court must be invoked to determine (a) whether such conflict is irreconcilable; and (b) the proper order or judgment to be entered because of such findings. The determination of the proper entry to be made in such a case is a judicial, and not a ministerial, act of the trial court, and the judgment entered is the result of a judicial act, and, whether erroneous or not, cannot be determined in a mandamus proceeding.

In the instant case, two questions are too clear to be open to discussion, viz.: (1) That the findings of the jury, in response to special issues Nos. 1, 2, and 3, to the effect that the motorman in charge of the street car failed to keep a lookout, that such failure was negligence, and that such negligence was the proximate cause of the injury and death of deceased, standing alone, authorized a recovery for the death of deceased; and (b) that such right of recovery was destroyed by the findings of the jury on the issue of contributory negligence, submitted by special issues Nos. 17 and 18, to the effect that the deceased, on the occasion in question, failed to use ordinary care in the matter of keeping a lookout .for the street car at the time and place in question, unless the findings on these latter issues are destroyed by other findings in conflict therewith. So, if the charge submitting the issue of deceased's contributory negligence had ended with the submission of issues Nos. 17 and 18, the relator's right to have a judgment entered on the findings could not be questioned notwithstanding the motorman's negligence. It would have been the duty of the court to have entered a judgment in favor of relator on such fact findings in favor of relator, and the performance of this duty would be a ministerial act and not a judicial one. But such is not the instant case, for the submission by the trial court of the contributory negligence of deceased did not end with the submission of issues Nos. 17 and 18.

Issues Nos. 19 and 20, Nos. 22 and 23, Nos. 25 and 26, and Nos. 28 and 29, also submitted issues on deceased's contributory negligence. By issues Nos. 19 and 20, the jury found that deceased failed to warn the driver of the car on the occasion in question, but that such failure was not negligence; by issues Nos. 22 and 23, the jury found that deceased failed to request the driver of the automobile to slow down for the crossing at the time and place in question, but that such failure was not negligence; by issues Nos. 25 and 26, the jury found that deceased failed to request the driver of the automobile to apply the brakes as the automobile approached the crossing in question, but that such failure was not negligence; by issues Nos. 28 and 29, the jury found that deceased failed himself to apply the emergency brake on the automobile in which he was riding prior to the collision, but that such failure on his part was not negligence. To sum up the effect of these findings, they are that deceased's failure to keep a lookout was negligence and a proximate cause of his injury and death; that his failure to have warned the driver of the approaching street car, his failure to have requested the driver of the automobile to slow down, his failure to have requested the driver of the automobile to apply the brakes, and his failure to have applied the emergency brake himself, in neither instance was negligence on his part.

It is insisted by respondent that the findings of the jury on the four said issues, each presenting specific acts of negligence on the part of deceased, and on each of which the jury returned a verdict exonerating deceased of negligence, are in conflict with, and destroy, the legal effect of the finding of the jury that the deceased was guilty of contributory negligence, proximately contributing to his injuries and death, in the matter of a failure to keep a proper lookout on the occasion in question. It is the contention of relator that no conflict is presented, for the reason that the finding of negligence on the failure to keep a proper lookout is distinct and independent of the finding of no negligence on each of the four other issues submitting contributory negligence. These opposing contentions were presented to the trial court for determination, and resolved in favor of plaintiffs. The precise question to be passed upon in the application for a mandamus is, not whether the court committed an error in its conclusion upon the contentions of the parties, but whether its judicial powers were invoked because of said contentions. This requires an analysis of the effect of the findings of the jury on the submitted issues.

It must be borne in mind that deceased was a guest of the owner and driver of the car in question, and was riding with such driver on his invitation. It also must be borne in mind that negligence must be based upon the failure of the one charged therewith to perform some duty that rested upon him, either in respect to his own safety or the safety of another. The duty to exercise ordinary care for his own safety rested on the deceased, even though he was a guest of the operator of the car. If he failed to exercise such care and his injuries proximately resulted therefrom, then he was guilty of negligence, and no recovery can be had because of his injuries and death. In the instant case, deceased, though riding as a guest, was charged with the duty to exercise the degree of care, in the matter of keeping a lookout for his own safety, that an ordinarily prudent person would have exercised under the same or similar circumstances. Whether deceased observed the care of an ordinarily prudent person, on the occasion in question, was submitted to the jury, by five special issues, in the form of interrogatories.

The verdict of the jury, on the first of the five findings, on the issue of his negligence, convicts deceased of negligence that proximately caused his injuries, in the matter of a failure to keep a lookout. Failure to keep a lookout in itself can only be negligence when, by reason of such failure, deceased has disabled himself from doing some act for his own safety that an ordinarily prudent person would have done under the same or similar circumstances. What act or acts could an ordinarily prudent person, who had observed the approaching car, have done in an effort to prevent the collision of the automobile and the street car? Manifestly, it could only have been one or more of the four acts that appellee failed to do, viz.: (1) To warn the driver of the approaching street car; (2) to request the driver to slow down the speed of the car; (3) to request the driver to apply the brakes to the car; or (4) himself to apply the emergency brake. In other words, the submission of these four issues of contributory negligence is but a specific, concrete submission of the elements of contributory negligence comprehended by the submission in general terms of the issue of negligence, in the failure of deceased to keep a proper lookout on the occasion in question. In order to be consistent with the finding of the negligence of deceased in failing to keep a proper lookout, the jury must have believed that it was negligence on the part of deceased to have failed to do one of these four precautionary acts. The jury having failed to find negligence in respect to any one of the four elements embraced in the term "a failure to keep a lookout," the conclusion is inescapable that there is a conflict in the findings of the jury and that such conflict is fatal to the entry of the judgment ordered to be entered, by the mandamus directed to be issued by the majority of this court. Stiles et al. v. Union Terminal Co. (Tex.Civ. App.) 1 S.W.(2d) 947 (writ of error denied); same case on second appeal (Tex. Civ.App.) 27 S.W.(2d) 911 (application for writ of error dismissed for want of jurisdiction); Dallas Ry. Co. v. Speer (Tex.Civ.App.) 299 S.W. 507 (no writ of error applied for).

The reported cases above cited dealt with precisely the same question of conflict now under consideration, that is, a conflict in the material findings was declared because the finding on an issue of negligence that embraced two or more distinct elements

was held to be contradictory of the opposite findings, on a submission of each of the elements comprehended by the first submission. As the Supreme Court denied a writ of error in the first Stiles v. Union Terminal Co. Case, supra, a brief review of that case will be given to demonstrate its perfect similarity to the findings in the instant case.

Mrs. Stiles had occasion to go to the Union Depot in the city of Dallas on a morning subsequent to the falling of a heavy sleet, which had left the streets and sidewalks of Dallas covered with ice, rendering such streets and sidewalks very slippery and dangerous for use. The entrance to the Union Depot faced east, and, for the accommodation and safety of the public, there were maintained on the depot grounds two walks from the adjacent street to the depot. These walks were several feet apart, ran parallel with each other, and permitted entry to the depot by means of separate doors. The Union Depot Company, after the falling of this sleet, had undertaken to remove a quantity of the ice from the two entrance walks that must be used by any one having occasion to enter the depot. It was claimed by the Union Terminal Company that the south walk had been entirely cleared of the ice, but that the north walk had not been entirely cleared, in that there were left slippery places because of some of the ice being allowed to remain on the sidewalk. Mrs. Stiles was carried to the front of the second walk from the south in an automobile, then walked into the depot from such point. On her return she again used the same walk when she slipped on the ice remaining on the walk, and received severe injuries.

On proper pleadings, the jury, in response to special issues, found the defendant guilty of negligence "in permitting its second entrance (the one used by plaintiff) from the south to be in the condition in which it was on the occasion in question," and found that such negligence was the proximate cause of her injuries. In response to proper pleadings by the defendant, the jury convicted Mrs. Stiles of negligence "in the matter of looking where she was going," on and immediately prior to the occasion in question, and also found that such negligence was the proximate cause of her slipping and falling. In response to the other special issues, submitted on the question of plaintiff's negligence,

the jury found that the plaintiff was not negligent in proceeding from defendant's depot, in the matter of walking on nonslippery places, that plaintiff was not negligent, under all of the circumstances, in using the second exit from the south of defendant's depot, instead of using the first exit from the south, and that plaintiff was not negligent in walking over the exitway from defendant's depot in the direction which she was going, "in the manner in which she was walking."

The trial court overruled Mrs. Stiles' contention that the three latter findings exonerating her from negligence were in conflict with the other finding that she was negligent in the matter of looking where she was going, and entered a judgment for the Union Terminal Company. On an appeal, this court held there was such conflict and reversed and remanded the case. The conflict was held on the ground that the issue of negligence, in the matter of plaintiff's looking where she was going, was a finding on a general term, which comprehended the special issues submitted that she was not negligent in the matter of walking on nonslippery places, and in reference to the manner in which she was walking. The other cases cited presented cases just as similar.

If there was a contradiction in the findings of the reported cases, there was also a contradiction in the findings of the instant case; or at least such an apparent contradiction as to invoke the judicial power of the court to adjudicate the question of apparent contradiction.

It is urged by relator, and this view is adopted by the majority, that, as deceased failed to keep a lookout on the occasion in question, and if by reason of such failure he did not see the approaching street car, he could not have been negligent in respect to the four omissions, each submitted, as a separate ground of contributory negligence on the part of deceased. The writer cannot agree to this contention. The special issues of contributory negligence were pleaded by relator and submitted by the court as independent issues of negligence without relation to, or dependent upon, the issue of failure to keep a lookout. The submission is whether there was negligence in a failure to have warned the driver of the automobile, in a failure to have requested the driver of the automobile to apply the brakes, and in a failure of deceased to have applied the

426

brakes himself. The language employed in the submission conclusively shows that the jury were to pass upon these four issues of contributory negligence without reference to whether deceased had kept a lookout for the approaching street car, or failed to keep such lookout, and the verdict on each of these issues of contributory negligence must be accepted without regard to whether deceased kept a lookout or not. How could the failure to keep a lookout exonerate deceased from negligence in a failure to warn the driver, etc.?

In all of the reported cases cited in the majority opinion, in which a writ of mandamus was awarded, it is in effect stated either that the findings on their face clearly present no issue of conflict or that there was a clear finding which exonerated the defendant from negligence, and that the findings were so clear as to leave nothing for judicial construction, and thereby to make the duty of the court to enter judgment in conformity to the findings, only a ministerial duty. In the case of Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, the jury exonerated the defendant of negligence on the only issue of negligence submitted, and exonerated the plaintiff from contributory negligence on the issues of contributory negligence submitted. In such case the court said: "If there were any reasonable doubt as to whether or not there existed a conflict in the jury findings, then it might be said that the court could find such conflict in the exercise of judicial discretion." In the case of Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875, it is stated in effect that, where it appears from the verdict of the jury and the court's order refusing to render and enter judgment thereon, such refusal is arbitrary and not based on the exercise of discretion, a mandamus will issue. To the same effect are the other decisions relied upon by the majority of this court. In none of the cases did the findings of the jury show in any degree an apparent conflict.

It is respectfully submitted that the findings of the jury at least are so uncertain as to the existence of a conflict that the judicial powers of the court were invoked to determine this question, and, if an erroneous judicial decision was made, it cannot be corrected by a mandamus proceeding, and that the writ of mandamus should be refused.