## TONY CORTIMEGLIA V. W. C. DAVIS.

No. 4660.    Decided March 30, 1927.

(292 S. W., 875).

**1.—Special Verdict—Judgment—Conflict in Findings.**

Though the court on his own motion may set aside findings on special issues found by him to be unsupported by the evidence, he is compelled to render the judgment required by them if they are permitted to stand (Rev. Stats., Arts. 2190, 2204, 2209). And an order of the court on motion of both parties for judgment in their favor on the findings, declaring that there is a conflict in the findings and refusing, because of such conflict, to enter judgment thereon, but declaring a mistrial, was in effect a finding by him that there was no reason but such supposed conflict for his refusal to enter judgment.    (P. 417).

**2.—Conflict in Findings—Vendor's Lien—Limitation—Mandamus.**

Findings by the jury on special issues submitted to them established all the facts sustaining defendant's plea of limitation to plaintiff's action to foreclose a vendor's lien; but in answer to the question: "Has plaintiff now a valid and subsisting lien against said land for the payment of the balance of the purchase money?" the jury answered "yes." This answer was a conclusion of law beyond the province of the jury, which in cases tried on special issues is to find the facts only. It was not a finding of any fact conflicting with those found establishing the defense of limitation, and the Supreme Court here, by mandamus, requires the trial court to render judgment for defendant on the verdict.    Gulf, C. & S. F. Ry. Co. v. Canty, 115 Texas, 537, followed.    (Pp. 416, 417).

Original action in the Supreme Court by Cortimeglia for writ of mandamus requiring Davis, as District Judge, to render judgment for relator on the findings of the jury on special issues in a case tried before respondent.

The Supreme Court, after granting permission to file, referred the application to the Commission of Appeals, Section A, for their opinion thereon, and here adopts same and directs the issue of the writ in accordance with it.

*W. M. Hilliard* and *C. G. Krueger,* for relator.

As to whether the vendor's lien was a valid and subsisting lien as against the fifty acres of land purchased by Tony Cortimeglia from Lee Cortimeglia was a legal question and should not have been submitted to the jury. In fact the only material issues submitted by the court to the jury was the issues on limitation.    Slade v. Young, 32 Texas, 668; Brewster v. Forney, 225 S. W., 175.

Special Issues Nos. 1 and 2 were submitted to the jury with reference to and as covering Mrs. Zula B. Herron's cause of

action against Lee Cortimeglia, and the jury found in Mrs. Herron's favor. Special Issues Nos. 6, 7, 8 and 9 were submitted to the jury with reference to the defendant pleas of title by limitation and the jury found in favor of the defendant Tony Cortimeglia for title to said fifty acres of land and the two findings in no way conflict.

The fact that the jury found that the vendor's lien between plaintiff and the defendant Lee Cortimeglia was a valid and subsisting lien did not conflict with their further findings in favor of the defendant Tony Cortimeglia on his defense of limitation. The jury could not have answered Special Issue No. 2 other than as it did. The jury were instructed by the court to answer said special issue "yes" or "no." To have answered "no" would have defeated her right to foreclose her lien on the remainder of the land.

It is the court's duty to reconcile apparent conflicts in the answers on special issues if it can be reasonably done in the light of the record (Graham v. Hines, 240 S. W., 1015). It is not all conflicts in answer by a jury to special interrogatories that prevent judgment upon the verdict, but the conflict to have that effect must be with reference to material and controlling issues, and if the answers as a whole leave without contradiction all material issues necessary to support a judgment for one of the parties such judgment should be rendered (Millers Indemnity Underwriters v. Schrieber, 240 S. W., 963). The conflict must be direct and material and so inconsistent that the answer to the one destroys the answer to the other (Schaff v. Wilson, 269 S. W., 140).

When a trial court refuses to enter judgment upon the findings of the jury and in accordance with such findings good grounds for a writ of mandamus exist, and the party complaining is entitled to the writ of mandamus to compel the trial court to enter judgment *nunc pro tunc* in accordance with the findings of the jury. (See Gulf, C. & S. F. Ry. Co. v. Canty, 285 S. W., 296.)

*Armstrong & Armstrong* and *F. R. Henderson,* for respondent and for Mrs. Herron, plaintiff in trial court.

The issue as submitted by the court to the jury, "Has the plaintiff Mrs. Herron now a valid and subsisting vendor's lien against said land for the payment of the balance of the purchase money?" is the only way the court submitted her case to the jury. If the court made an error in so submitting her case to the jury, this court is not authorized, in curing the

error, as relator insists, by having this court to hold that the court and the jury both intended to say and find that she had this lien on all the land described in her petition except the fifty-acre tract sold to Tony Cortimeglia by Lee Cortimeglia. She submits to the court that the rule is well established in Texas: (a) That plaintiff's issues be submitted to the jury, (b) That before a lien can be foreclosed there must be a finding that there is a valid and subsisting lien. See: May v. Taylor, 22 Texas, 348; Abolwich v. Bank, 95 Texas, 429; Loan Co. v. Watkins, 34 S. W., 996; Preston v. Breedlove, 45 Texas, 47; Heisch v. Adams, 16 S. W., 790. (c) Whether there was a valid and subsisting vendor's lien on the land described in the petition was an issue of fact. See cases above cited.

Where the findings of the jury are inconsistent or conflicting no judgment can be rendered. Phoebus v. Connelee, 228 S. W., 982; Puckett v. Davis, 238 S. W., 67; Kahn v. Cole, 227 S. W., 556; McKinney v. Smith, 271 S. W., 247; Crow v. Monroe, 273 S. W., 886; Waller v. Liles, 96 Texas, 21.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

On the 18th of June, 1908, Mrs. Zula B. Herron by deed conveyed to Lee Cortimeglia a tract of land in consideration of which he executed notes payable to her, a vendor's lien being retained in both the deed and notes to secure payment. On December 29, 1909, Lee Cortimeglia conveyed to Tony Cortimeglia a portion of this tract, consisting of fifty acres. On December 24, 1924, Mrs. Herron filed suit to recover the amount due on the notes which had not been paid and to foreclose the vendor's lien against both Lee Cortimeglia and Tony Cortimeglia. The latter in his answer alleged that at the time he purchased the fifty acres he did not know that Mrs. Herron "or anyone else had any claim to or against said land;" that he entered upon said fifty acres and made valuable improvements thereon, claiming same as his own property against Mrs. Herron and the world; and that Mrs. Herron had notice of his claim and possession. Based on these allegations he interposed pleas of the statutes of limitation of five and ten years.

On trial before a jury the court submitted the following special issues to which the jury made answers as indicated, to-wit:

"SPECIAL ISSUE NO. 1: Did the plaintiff, Mrs. Herron, in conveying to Lee Cortimeglia the land described in plaintiff's petition, retain a vendor's lien to secure the payment of the purchase money thereof? 'Yes' or 'No.'

"Answer: 'Yes.'

"SPECIAL ISSUE NO. 2: Has the plaintiff, Mrs. Herron, now a valid and subsisting lien against said land for the payment of the balance of the purchase money? Answer, 'Yes' or 'No.'

. "Answer: 'Yes.'

"SPECIAL ISSUE NO. 6: Did the defendant, Tony Cortimeglia, repudiate the vendor's lien and superior title held by the plaintiff in said fifty acres of land? And in answering this question you are instructed that in order to constitute a repudiation there must have been an open and notorious rejection, renunciation and disavowal of the plaintiff's lien and superior title in said land, and that the plaintiff must have had actual notice of such rejection, renunciation and disavowal, or that the facts and circumstances were such as to put plaintiff on notice of said repudiation, renunciation and disavowal.

"Answer: 'Yes.'

"SPECIAL ISSUE NO. 7: If you answer Special Issue No. 6 in the affirmative, then state at what time the said Tony Cortimeglia repudiated said lien and superior title to said land in the plaintiff?

"Answer: 'December 31, 1909, when his deed was recorded.'

"If you answer Special Issue No. 6 in the affirmative, then in that event only, answer Special Issues Nos. 8 and 9.

"SPECIAL ISSUE NO. 8: Has the defendant, Tony Cortimeglia, been in the actual, peaceable and adverse possession of the said fifty acres of land under title or color of title using and enjoying the same, during a continuous period of five years from the date of said repudiation to the institution of this suit? Answer 'Yes' or 'No.' Answer: 'Yes.'

"SPECIAL ISSUE NO. 9: Has the defendant been in the actual peaceable and adverse possession of said fifty acres of land, using and enjoying the same, during a continuous period of ten years from the date of said repudiation to the institution of this suit? Answer 'Yes' or 'No.'

"Answer: 'Yes'."

Mrs. Herron and Tony Cortimeglia each presented motion for judgment and on hearing these motions the court made and entered the following order, to-wit:

"On this the 19th day of June, A. D. 1925, came on to be heard the motions of plaintiff and defendant that judgment be rendered in the above styled and numbered cause for the plaintiff and defendant, respectively, both plaintiff and defendant moving and praying for judgment to be rendered in their behalf based upon the findings of the jury in answer to special issues submitted to

them in said cause—and the court after hearing said motions and argument of counsel for both plaintiff and defendant, is of the opinion that there is a conflict in the findings of the jury on the issues submitted, and that neither plaintiff or defendant is entitled to have judgment rendered for them in said cause. It is therefore ordered, adjudged and decreed by the court that because of the conflict in the findings of the jury on the special issues submitted that judgment be not rendered for the plaintiff in this case, and it is further ordered that a judgment be not rendered for the defendant in said cause, and it is further ordered that the findings of the said jury in said cause be set aside and a mistrial entered in said cause, and it is so ordered."

Relator Tony Cortimeglia, alleging that there is no conflict in the findings of the jury, seeks by writ of mandamus to require, W. C. Davis, judge of said court, to enter judgment in his favor on the verdict of the jury.

Our statutes provide that "a special verdict * * * shall, as between the parties, be conclusive as to the facts found." Art. 2202, R. C. S., 1925.) They also provide that "where a special verdict is rendered * * * the court shall render judgment thereon unless set aside or a new trial is granted" (Art. 2209, R. C. S., 1925), and that the insufficiency of the testimony "to warrant the submission of an issue may be complained of for the first time after verdict" (Art. 2190, R. C. S., 1925). Under these provisions the trial court in the exercise of discretion may set aside a verdict on special issues without having first rendered judgment thereon, and, we are of opinion that it may do so, though no specific complaint is made by a party to the suit. The judge of the court, however, has no arbitrary right to refuse to enter judgment on a verdict which constitutes a finding on all the facts tendered in the pleadings necessary to the rendition of judgment. And, when it appears from the verdict itself and the order refusing to render and enter judgment thereon that such refusal is arbitrary and not based on the exercise of discretion, mandamus will lie to require entry of judgment. In such case the action of the judge is in effect a refusal to proceed to judgment in the trial of the cause.

In the case of Gulf, C. & S. F. Ry. Co. v. Canty, 115 Texas, 537, 285 S. W., 296, the Supreme Court awarded the writ of mandamus requiring the District Judge to enter judgment on a special verdict rendered by a jury. In that case the trial court in its order setting aside the verdict stated that such order was made for the "sole and only reason" that there was "an irreconcilable conflict in the answers of the jury to the special issues to

it submitted." The verdict found all the facts in issue necessary to the rendition of judgment. It contained no conflicting findings of fact as was stated in the recitals in the order. It was shown by the verdict that the reason recited in the order did not exist, and that the action of the court in setting aside the verdict was therefore based on no reason involving judicial discretion.

Here the order of the court recites that after hearing the motion of the respective parties for judgment, "the court * * * is of the opinion that there is a conflict in the findings of the jury on the issues submitted," and that the order refusing to render judgment was made "because of the conflict in the findings of the jury." The effect of this order is to declare that no reason, in the opinion of the court, existed for refusing to render judgment other than a conflict in the fact findings contained in the verdict.

The verdict contains a finding of all the facts necessary to support relator's plea of limitation, but respondent asserts that these findings are in conflict with the finding that Mrs. Herron at the time of the trial had a valid and subsisting lien against the land, of which relator's fifty acres is a part. Even if this finding should be construed to mean that Mrs. Herron had a lien as against relator on the fifty acres, same is a conclusion of law and not a finding of fact. The province of the jury in a case tried on special issues is to find the facts only. The application of the law to the facts is the duty of the court and not the jury. The jury have here found every fact necessary to show that relator is entitled to judgment on his plea of limitation. The conclusion that a lien exists was beyond the province of the jury to decide, and immaterial to any fact issue presented in the charge.

This case is ruled by the holding in the case of Gulf, C. & S. F. Ry. Co. v. Canty, *supra,* and we recommend that writ of mandamus issue requiring respondent W. C. Davis, District Judge, to enter judgment in favor of relator for the fifty acres of land described in his answer.

The opinion of the Commission of Appeals is adopted and mandamus awarded.

*C. M. Cureton,* Chief Justice.