### McGREGOR v. ALLEN.
### No. 5735.

Court of Civil Appeals of Texas. Amarillo. July 15, 1946.

Rehearing Denied Aug. 12, 1946.

Boyer, McConnell & Hankins, of Perryton, for relator.

H. M. Hood, of Borger, and Hoover, Hoover & Cussen, of Canadian, for respondent.

PER CURIAM.

The relator, James McGregor, is seeking a writ of mandamus requiring the Honorable Jack Allen, Judge of the 84th Judicial District, to enter a judgment in relator's favor for the title to and possession of two lots in Perryton. The petition for the writ is based upon a stipulation and a jury verdict in a case in which relator is plaintiff and H. F. Ashford and his wife are defendants.

The relator brought the suit in trespass to try title. The defendants answered by a plea of not guilty. They also filed a cross-action seeking specific performance of an oral contract to convey the land to them and damages for wrongful sequestration of the property by relator in the trespass to try title suit. In a supplemental petition relator denied the oral contract. He also alleged that if any contract did exist it was in violation of the Statute of Frauds and further, and in the alternative, if any enforceable contract was made, such contract was not the one alleged by defendants. Relator then alleged his version of the terms of the purported contract. No relief was sought by relator under this contract. It was stipulated in writing that relator had record title to the property.

The case was tried to a jury which found in answer to special issues numbered one and five that neither the oral contract alleged by defendants nor that alleged by relator had been made. Relator moved for entry of judgment in his favor for title to and possession of the lots and that defendants take nothing by their cross-action. This motion was refused by respondent who declared a mistrial because, as stated in the order, issues numbered one and five were the controlling issues, there was no other theory in the case and therefore neither party could prevail.

Relator contends that he is entitled to a judgment because of the stipulation that he has record title to the lots and the jury's verdict that he had not agreed to convey them to defendants. Relator also contends that the entry of such judgment is a ministerial act.

When the effect of a verdict is clear, the rendition of a judgment on it is ministerial and upon a trial court's refusal to enter judgment, mandamus will lie to require the performance of that duty.

Gulf, C. & S. F. R. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, 302; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875, 876; Montgomery Ward & Co. v. Newman, Tex. Civ.App., 181 S.W.2d 613, 614.

■ We agree with the trial court that issues numbered one and five are the controlling disputed fact issues but we do not agree that there is no other theory in the case. Another theory is presented by the undisputed fact, as shown by the stipulation, that the relator has record title to the lots. By virtue of the trespass to try title petition and the stipulation relator is entitled to judgment for the title to and the possession of the lots unless the verdict of the jury shows that he had made a contract to convey them to the defendants on the terms set out in one or the other of the issues submitted. The clear effect of the negative answers to both issues is that the preponderance of the evidence failed to establish the existence of either of the contracts alleged. The relator is not basing his title on the oral contract alleged by him. That contract was set up as an affirmative defense to defendants' cross-claim; their failure to establish the cross-claim makes immaterial any affirmative defense to it. Since the relator's title to and right of possession of the property does not depend upon proof of the existence of the contract alleged by him, his failure to prove that contract does not deprive him of relief under his petition in trespass to try title and the undisputed fact that he has record title to the lots.

■■ There are no other reasons stated in the order declaring a mistrial for that action other than those above set out. The implication of the stated reasons is that no others exist. Gulf, C. & S. F. R. Co. v. Canty, supra; Cortimeglia v. Davis, supra. There being an undisputed fact authorizing recovery by relator, the reasons for declaring the mistrial do not exist and the entry of the judgment is a ministerial duty.

■ The relator having established his right to the title to and possession of the lots, the defendants are not entitled to any damages on account of the sequestration thereof. Howe v. Central State Bank, Tex.

Civ.App., 13 S.W.2d 437 (writ of error refused); Willis v. Mays, Tex.Civ.App., 177 S.W.2d 1000 (writ of error refused for want of merit). The answers to the issues involving the sequestration are therefore immaterial.

The writ of mandamus will issue.