**SOUTHWESTERN BELL TEL. CO.**

v.

**SHELL et al.**

No. 15533.

Court of Civil Appeals of Texas.

Fort Worth.

March 26, 1954.

See also Tex.Civ.App., 264 S.W.2d 473.

Bullington, Humphrey, Humphrey & Fillmore, and Lee Humphrey, Wichita Falls, for appellant.

Spence & Rexford, and James E. Rexford, Wichita Falls, for appellee.

BOYD, Justice.

This is a petition by Southwestern Bell Telephone Company seeking the issuance of a writ of mandamus against the Honorable Temple Shell, Judge of the 30th District Court of Wichita County, requiring him to enter judgment in Cause No. 52,-265–C on the docket of said court.

Petitioner alleges that Olin W. White filed suit against it, alleging that petitioner, through its employees, had trespassed upon the premises of White and had placed a ladder against his house, and that he was injured while pursuing a prowler on his premises when he ran into and struck said ladder; that White's pleadings alleged in the alternative that petitioner was guilty of negligence in failing to remove the ladder and such negligence was the proximate cause of his injury; that petitioner answered by general denial and that White was guilty of contributory negligence in that he gave the petitioner permission to place the ladder against his house and knew, or he should have known, of its presence and location.

In answer to issues the jury found that White was injured by running into and striking the ladder and that he sustained damages in the amount of $1,458; the jury failed to answer the question as to whether petitioner obtained White's permission to place the ladder on the premises. It further found that White was guilty of contributory negligence in pursuing a prowler on his premises "under the circumstances and on the occasion in question," and that such negligence was a proximate cause of his injuries; the jury did not answer as to whether petitioner's failure to remove the ladder was negligence and whether it was a proximate cause of White's injuries. The jury was not asked whether there was any causal connection between the placing of the ladder on White's premises and his injuries, although petitioner objected to the charge for failure to submit such issue.

When the verdict was returned, petitioner moved for judgment non obstante veredicto

and White moved for a mistrial. Petitioner's motion was overruled and White's motion was sustained.

It is petitioner's contention that the jury having answered that White was guilty of contributory negligence, he could not recover either on the theory of trespass or the alleged negligence of petitioner, and therefore petitioner was entitled to judgment.

In our view of the case we think it is unnecessary to determine whether contributory negligence is a defense to the trespass count of White's petition, as contended by petitioner.

■ While mandamus lies to compel a court to render judgment when the petitioner has an absolute right to such judgment, the petitioner has the burden of showing a clear right to such relief. McGregor v. Allen, Tex.Civ.App., 195 S.W. 2d 945; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Navarro County v. Tullos, Tex.Civ.App., 237 S.W. 982, writ refused; 55 C.J.S., Mandamus, § 97, pp. 156 and 157; 34 Am. Jur., p. 831, sec. 36.

Not only does the petitioner have the burden of proving all the facts necessary to entitle him to the writ of mandamus, but he must negative all defensive facts. "The propriety of issuing the writ is therefore not to be determined by the defense which the official may interpose, but by the allegation and proof of facts which show affirmatively and clearly that under the particular circumstances he is legally bound to perform the service. * * *" Johnson v. Elliott, Tex.Civ.App., 168 S.W. 968, 972, writ refused. To the same effect are holdings in Bevers v. Winfrey, Tex.Civ. App., 260 S.W. 627; Houston Tap & Brazoria Railway Co. v. Randolph, 24 Tex. 317; and Watkins v. Huff, Tex.Civ.App., 63 S.W. 922. "Manifestly one who seeks relief through this extraordinary proceeding must show himself entitled thereto under all applicable law, no matter where embodied." Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 179. As to negativing

defensive facts by pleadings, see Ridgway v. City of Fort Worth, Tex.Civ.App., 243 S.W. 740.

Rule 301, Texas Rules of Civil Procedure, provides that the judgment shall conform to the pleadings, the nature of the case proved and the verdict, if any; and that upon motion and reasonable notice the court may disregard any special jury finding that has no support in the evidence.

Petitioner attaches as an exhibit White's motion for a mistrial, which is as follows:

"Comes now the plaintiff in the above entitled and numbered cause and moves the Court to declare a mistrial in said cause for the reason that heretofore, on the 11th day of November, 1953, after due deliberation the jury duly impanelled to try said cause was unable to agree on the answers to the ultimate issues in said cause and said jury was therefore dismissed by the Court."

The court's order is also attached, and is as follows:

"On this the 29th day of December, 1953, came on to be heard plaintiff's motion for mistrial and defendant's motion for judgment, and the Court after having duly considered said motion and having heard argument of counsel is of the opinion that a mistrial should be declared in said cause.

"It is therefore Ordered, Adjudged and Decreed that a mistrial be declared in the above entitled and numbered cause."

■ The remedy by mandamus is summary, extraordinary, harsh and drastic, and when it is resorted to for the purpose of compelling a court to render a particular judgment when that court thinks no judgment should be rendered, its enforcement is attended by some delicacy. Accordingly, we believe that when there is any reason which could justify the action of the court in declaring a mistrial, a writ of mandamus requiring him to enter a judgment cannot be issued.

■ It is neither alleged nor proved that White failed by motion and notice to invoke

the court's power to disregard the contributory negligence findings. The evidence not being before us, we do not know whether those findings were supported; but it is our view that the burden is on petitioner either to allege in substance that the motion and notice provision of Rule 301 was not invoked and was not complied with, or to negative in some other way the possibility that the court properly disregarded the findings as to contributory negligence. If it is not probable, it seems to us that it is in all events possible that the court found that he was empowered, by procedure as to the employment of which the record before us is silent, to disregard the answers of the jury relative to contributory negligence, thus leaving nothing in the verdict except that White collided with petitioner's ladder, and the amount of damages he thereby sustained.

Indeed, we find attached to respondent White's answer filed in this court a paper denominated "Argument and Trial Brief of Plaintiff," which appears to have been supplied to the trial court for consideration along with White's motion for a mistrial. In that paper it is urged that the issue of contributory negligence "should be disregarded by the Court for the reason that there are no pleadings or evidence to support the submission of said issue," and that "The Court should disregard said issue for the further reason that said issue is evidentiary and not an ultimate issue," in that it inquired whether plaintiff was negligent in doing what he had the right to do, to-wit, chase a prowler off of his premises, and that as a matter of law his said conduct was shown to be free from negligence. It is unnecessary for us to decide whether this "paper" is before us as evidence; and we merely mention it to point up the possibility that the trial court disregarded the jury's answers as to contributory negligence and that it had the right so to do.

■ Moreover, Rule 301 requires a judgment to conform "to the pleadings". It is as essential that the judgment conform to the pleadings as it is that it conform to the verdict. Johnson Aircrafts v. Wilborn, Tex.Civ.App., 190 S.W.2d 426, writ refused w. m.; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130. "* * * It takes more than sufficient evidence to sustain a judgment, as it must be bottomed on proper pleadings as well * * *." London Terrace v. McAlister, Tex.Civ.App., 179 S.W.2d 515, 516. It is interesting to note that there is no requirement for motion and notice before the court may disregard a special finding that has no support in the *pleadings*. The only ground of contributory negligence pleaded is as follows: "* * * Defendant says that on the night of November 24, 1952 when the alleged injury occurred, Defendant was required to repair a large cable in the vicinity of Plaintiff's premises, as the result of heavy rains and storms; that in order to do so it was necessary to connect with a Texas Electric Service Company drop on the Plaintiff's premises, and permission for doing so was sought and obtained from the Plaintiff. Defendant says that Plaintiff gave his permission to place a ladder against the side of his house for such purpose, and that such was done. If Plaintiff were injured, as he alleged, as a result of tripping over said ladder, Defendant says that Plaintiff knew or should have known of its presence and its location, and that his conduct in thus running up to and against the same, if he did so, was contributory negligence on the part of the Plaintiff, which was the proximate cause and a contributory cause of Plaintiff's injury in question."

It might be contended with some plausibility that the only ground of contributory negligence pleaded by petitioner rested upon the allegation that White was requested to give permission and did give permission to place the ladder against his house, and that the asking and giving of such permission was the basis of White's knowledge of the ladder's presence and location. In fact, respondent White makes that very contention. The jury failed to answer the issue as to White's giving such permission; and it is therefore his position that there is no finding of contributory negligence as alleged.

Believing that petitioner has not shown a clear right to the writ, and has not negatived all the defenses to the granting of such relief, the petition for writ of mandamus is denied.

RENFRO, J., not participating.