MISSOURI–KANSAS–TEXAS RAILROAD COMPANY OF TEXAS, Petitioner,

v.

Hon. Owen THOMAS, District Judge, et al., Respondents.

No. 3201.

Court of Civil Appeals of Texas.

Eastland.

Sept. 23, 1955.

Rehearing Denied Oct. 21, 1955.

O. O. Touchstone, Dallas, Hubert L. Watson, Stamford, Clay Coggins, Roby, G. H. Penland, M. E. Clinton, Dallas, for petitioner.

Scott Snodgrass, San Angelo, Morris G. Watson, Roby, for respondents.

GRISSOM, Chief Justice.

Scott Snodgrass, Jr., sued the Missouri-Kansas-Texas Railroad Company of Texas for damages caused by a collision between an automobile in which Snodgrass was riding and said company's train. A jury found for the plaintiff (5) that immediately before the collision the train was traveling at "an excessive speed under the facts and circumstances then and there existing"; (6) that this was negligence and (7) a proximate cause of the collision. But the jury found for defendant (14) that Snodgrass failed to warn the driver of the automobile of the approach of defendant's train; (15) that this was negligence and (16) a proximate cause of the collision and (7-a) that Snodgrass failed to warn the driver of the automobile that the train was approaching from the north at the time they left a drive-in; (7-b) that such failure was negligence and (7-c) a proximate cause of the collision. However, the jury also found (3) that the failure of the driver of the automobile to stop 15 feet from the nearest rail of the crossing was the sole proximate cause of the collision. The above constituted all of the findings that certain acts were a proximate cause of the collision. The jury found (8) that immediately prior to the collision the train was being operated at a speed in excess of 12 miles per hour and (9) that this was negligence. But the jury failed to find from a preponderance of the evidence (10) that operation of the train at a speed in excess of 12 miles per hour was a proximate cause of the collision.

The court instructed the jury that by sole proximate cause was meant the only proximate cause and that there could be only one sole proximate cause. The court also instructed the jury that "by the term 'excessive speed' is meant a rate of speed faster than an ordinary prudent person would have used under the same or similar circumstances."

The railroad company filed a motion for judgment on the verdict. When the court sustained said motion and entered judgment for defendant, he advised both sides

that he would thereafter consider whether there was an irreconcilable conflict in the verdict. Thereafter, plaintiff filed a motion for a new trial based solely on the contention that the findings that said acts of the plaintiff and defendant were each a proximate cause of the collision and that the failure of the driver of the automobile to stop was the sole cause of the collision could not be true, destroyed each other and could not be the basis for a judgment. After the filing of plaintiff's motion for a new trial, the trial judge advised both sides that the court would pass on said motion at a certain time; that the court did not desire to hear argument on the motion and that counsel need not appear, unless they desired to do so. On that date the court granted plaintiff's motion for a new trial and set its former judgment aside.

The railroad company has filed in this court an original application for a writ of mandamus to compel the trial judge to set aside the order granting plaintiff's motion for a new trial and reinstate the judgment. The railroad contends the verdict, on its face, compels judgment for it and that the sentence of the law follows as a ministerial duty. If there is no irreconcilable conflict in the findings and the railroad company has met the burden the law casts on it to show it is entitled to a mandamus the railroad company's petition should be granted.

"It is indeed well settled that where a * * * judge refuses to enter a judgment on a special verdict, he can be compelled by force of Article 1824 [Vernon's Ann.Civ.St.] to enter the judgment called for by the special verdict. Gulf, C. & S. F. R. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875. But 'in those cases, there has been a trial establishing the facts in issue. The sentence of the law follows as a ministerial duty.' Willis v. Granger, Tex.Civ.App., 195 S.W.2d 831, 833." Knox v. Craven, Tex.Civ. App., 248 S.W.2d 955, 958.

The company contends (1) there was no material finding which, taken alone, would have entitled Snodgrass to a judgment and, therefore, there could be no material conflict; (2) that there was no conflict which precluded rendition of judgment for the railroad and the refusal to give effect to the verdict, although labeled as a grant of a new trial, was a refusal to proceed to judgment and (3) that, although the action of the court in setting aside the judgment and granting a new trial was based on a claimed irreconcilable conflict, no such conflict existed, as a matter of law, and, therefore, the company is entitled to a writ commanding the court to set aside the order granting a new trial, which it claims was in excess of the court jurisdiction and a refusal to give effect to a valid verdict. In this connection it contends that the only answer which, taken alone, could have supported a judgment for plaintiff is (7) that excessive speed of the train was a proximate cause of the collision, but that it could not be given effect because it conflicted with the "finding" (10) that speed in excess of 12 miles per hour was not a proximate cause and the answer to (10) was a specific finding with reference to speed while the answer to (7) was general and the specific finding controls. The company specifically contends that the finding on the defensive issues of proximate cause and sole proximate cause do not create a conflict which precludes rendition of judgment for the railroad; that there was no finding that entitled Snodgrass to judgment, and, therefore, there could be no fatal conflict, regardless of the answers to said defensive issues.

The railroad further contends that the answer to issue (22), (that the driver of the automobile in which Snodgrass was riding attempted to beat the train across the crossing), entitled the railroad to judgment, regardless of any finding of proximate cause, because when a person attempts to beat a train across a crossing there can be no recovery, as a matter of law. In support thereof it cites Reedy v. Missouri, K. & T. Ry. Co., Tex.Civ.App.,

203 S.W.2d 347. It says that it is evident from the answer to issue 22 that the driver knew of the approach of the train, because he was attempting to beat it across the crossing, and, therefore, the failure of Snodgrass to warn the driver could not be a proximate cause; that the answer to issues 22, 28, 29 and 30 rendered the finding relative to Snodgrass' failure to warn the driver immaterial; that such failure to warn occurred prior to the time the driver attempted to beat the train across the crossing and that said driver's attempt to beat the train across the crossing was the sole cause of the collision, as a matter of law, and, therefore, the company was entitled to judgment. The railroad company further says it was entitled to judgment on the verdict under the finding of sole proximate cause as well as on the theory that there is no finding that any of its acts were a proximate cause; that the action of the court in holding, as a matter of law, that a conflict exists, when none appears on the face of the verdict, deprived it of its right to a judgment, and, therefore, the writ should issue.

Snodgrass says the mandamus should not issue because (1) the railroad company did not allege a demand that the trial judge set aside the order granting a new trial and render judgment on the verdict and a refusal by the judge. This is declared in some cases to be a prerequisite to the right to a writ of mandamus. See Cozby v. Clifton, Tex.Civ.App., 265 S.W.2d 197, 198 and Southwestern Bell Telephone Co. v. Shell, Tex.Civ.App., 266 S.W.2d 476, 478. However, our decision is not based on the asserted failure of the company to show such demand and refusal.

█ We think that Judge Thomas was correct in granting Snodgrass' motion for a new trial on the ground that there were irreconcilable conflicts in the verdict. As shown, there were findings which, taken alone, would have required a judgment for Snodgrass and there were findings which, taken alone, would have required judgment for defendant. The jury having found that certain negligent acts of the plaintiff and a certain negligent act of the defendant were each a proximate cause of the collision and, also, that failure of the driver to stop was the sole cause of the collision, there are irreconcilable conflicts. It cannot be true that some acts of the plaintiff and some acts of the defendant were each a proximate cause and, also, that the act of the driver was the sole cause of the collision.

In Christopherson v. Whittlesey, Tex. Civ.App., 197 S.W.2d 384 (RNRE) which was a suit for injuries to a person riding in an automobile which collided with a bus, a jury found that both plaintiff and defendant were guilty of negligence causing the collision and, also, that the collision was an unavoidable accident. The court said the findings were of equal dignity until set aside in a proper proceeding and that the findings that the collision was an unavoidable accident and that plaintiff and the defendant were each guilty of negligence could not both be true and had the effect of destroying all of said findings.

In A. B. C. Stores, Inc., v. Taylor, 136 Tex. 89, 148 S.W.2d 392, our Supreme Court said that, ordinarily, a finding of contributory negligence required rendition of a judgment for defendant. But, where a jury found that both the defendant and plaintiff were negligent and, also, that the occurrence was an unavoidable accident said findings conflicted and destroyed each other, because both could not be true, and that no judgment could be rendered on such a verdict.

In Alpine Telephone Corp. v. McCall, 143 Tex. 335, 184 S.W.2d 830, 835, McCall was riding on the running board of an automobile driven by Moses when it struck the telephone corporation's pole placed outside the curb and McCall was injured. A jury found the company was not negligent in maintaining its pole outside the curb; that the manner in which the automobile was driven was the sole proximate cause; that McCall's negligence in riding on the running board was a proximate cause and that McCall's act in riding on the running board with his back to the north was neg-

ligence and a proximate cause of the collision. McCall objected to the submission of said first issue, whether the telephone company was negligent in maintaining the pole at said place, because it was negligence as a matter of law. Judgment for the company rested on the finding that the company was not negligent in maintaining its pole outside the curb. Our Supreme Court held that the company was guilty of negligence as a matter of law in maintaining its pole outside the curb. The telephone company contended that the finding that its negligence, "if any", in maintaining the pole outside the curb was not a proximate cause of McCall's injuries required an affirmance of the judgment for the company. The court held that said issue on proximate cause was submitted so that it should be answered only upon a prior finding of negligence in maintaining the pole outside the curb and that a finding that such negligence, "if any," was not a proximate cause could not control and was immaterial. The court concluded:

> "The fact that the jury found that McCall was guilty of contributory negligence, and that the negligence of a third party was the sole cause of the collision, does not, under the circumstances here presented, require a judgment for petitioner; for if the issue as to whether the maintenance of the pole in the street was the proximate cause of the collision had been properly submitted to the jury, the jury might have found in favor of the respondents on that issue, and if it had so found, *its findings would have been in conflict with its findings that the negligence of the third party was the sole cause* of the collision." (Emphasis ours.)

See also Ford Rent Co. v. Hughes, Tex. Civ.App., 90 S.W.2d 290; Pageway Coaches, Inc., v. Bransford, Tex.Civ.App., 71 S.W.2d 561, 564; Bransford v. Pageway Coaches, Inc., Tex.Com.App., 129 Tex. 327, 104 S.W.2d 471, 472; City of Panhandle v. Byrd, Tex.Com.App., 130 Tex. 96, 106 S.W.2d 660, 662; Fort Worth & D. C. Ry. Co. v. Kiel, 143 Tex 601, 187 S.W.2d 371, 373; Williams v. Zang, Tex.Com.App., 279 S.W. 815; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991; Siratt v. Worth Const. Co., Tex., 273 S.W.2d 615, 616.

The railroad company insists that the answer to issue 10 (that the jury did not find from a preponderance of the evidence that operation of the train in excess of 12 miles per hour was a proximate cause of the collision), is a specific finding relative to speed which controls the general finding in answer to issue 7 (that operation of the train at an "excessive speed" was a proximate cause of the collision).

The company says the verdict shows the accident could not have happened but for the fact that the driver of the automobile attempted to beat the train across the crossing; that there was no finding that any act of the company was a proximate cause and, hence, no findings which, taken alone, would have authorized judgment for Snodgrass, from which it concludes there was no material conflict. The railroad company relies chiefly on Panhandle & Santa Fe Ry. Co. v. Karr, Tex.Civ.App., 257 S.W.2d 486, affirmed, Tex., 262 S.W.2d 925, 927, to support this conclusion. We do not think it requires such a conclusion. It was affirmed by the Supreme Court solely on the ground that judgment for the plaintiff depended on the finding that the railroad company maintained an extra hazardous crossing and that there was no evidence that it maintained such a crossing. That case was decided on an appeal. In this original proceeding we have no statement of facts. From the face of the verdict we cannot say that the finding of "excessive speed" was a general finding and that the failure to find from a preponderance of the evidence that running the train in excess of 12 miles per hour was not a proximate cause was a specific finding relative to speed, with the latter failure to find destroying the effectiveness of the prior finding that "excessive speed" was a proximate cause.

> "The rule is that there is no priority of findings, either in degree or im-

portance, and where two findings with respect to a material fact are such that both cannot be true, then neither can stand." Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 455.

We overrule the railroad's contentions (1) that the finding that the driver of the car attempted to beat the train across the crossing was, as a matter of law, the sole cause; (2) that no finding of causation exists against it and (3) that there was no conflict and that for each of said reasons judgment should have been rendered for the railroad company. We think the contrary is true.

We conclude that said findings with reference to proximate cause are in irreconcilable conflict and that judgment could not be rendered on said verdict and that Judge Thomas was correct in granting plaintiff's motion for a new trial.

The petition is denied.