Doyce Ray WADDELL et al., Relators,

v.

Hon. Sterling WILLIAMS, District Judge, et al., Respondents.

No. 3516.

Court of Civil Appeals of Texas.

Eastland.

Oct. 30, 1959.

Rehearing Denied Nov. 27, 1959.

Frank C. Ashby, Garland Casebier, Midland, for relators.

Pat Beene, Ivanhoe, M. J. Kirwan, Jr., Midland, for respondents.

PER CURIAM.

The Waddells leased their land to Cox and Miller for grazing and cultivation, with provisions that the grass land should be used for grazing only and that the cultivated land was to be tilled in a good farmer-like manner. Water was impounded on the leased land in large pools. There was no express provision relative to water. During the term of the lease, Waddells' lessees sold water from the Waddell land to Empire Drilling Company and Milhoan Drilling Company for $6,000.00. By consolidated suits the Waddells sued said companies for the value of said water. Said companies impleaded Cox and Miller. In a trial to the court, the Waddells called said lessees as witnesses. They testified they sold water to said drilling companies from the Waddells' land and that it was of the value of $6,000.00. Said lessees offered no defense to plaintiffs' cause of action other than that under the terms of their lease they had the right to sell said water. The testimony on behalf of said drilling companies was not contradictory to that of the lessees. At the conclusion of the trial on June 22nd, the Waddells urged the court to render judgment for them on said undisputed evidence. The court asked for briefs, which were furnished by the Waddells and said drilling companies on June 27th. On August 4th the Waddells inquired of the trial judge what disposition would be made of the case. On August 6th the judge notified all parties that he did not think that "under the facts * * * either party is entitled to a judgment. I am, therefore, declaring a mis-trial and setting the case for another trial on September 15, next." No motion for a mistrial was filed. After receipt of said letter, the Waddells prepared and presented to the judge a formal motion for judgment in which they

alleged that the evidence was undisputed and the Waddells were entitled as a matter of law to judgment against Empire Drilling Company for $2,000.00 and Milhoan Drilling Company for $4,000.00, for which they prayed. This motion was filed with the district clerk and a copy furnished to the district judge with the request that he rule thereon, which he has not expressly done.

The Waddells have filed in this court a verified petition for mandamus asserting the facts as heretofore stated and that there was no undisposed of proceeding before the court and that the only thing that remained to be done by the trial judge at the close of the evidence was to apply the law to the undisputed testimony of Miller and Cox; that, under the terms of said lease, Miller and Cox could only use the water for the purposes for which the land was leased and they had no authority to sell the water, which belonged to the Waddells; that the trial judge refused to render judgment by applying the law to said undisputed facts; that they have no adequate remedy and, under the law and undisputed evidence, they are entitled to judgment against Empire Drilling Company and Milhoan Drilling Company for $2,000.00 and $4,000.00, respectively. Respondents have answered but they have not denied Waddells' material and controlling verified allegations of facts. The judge filed an answer in which he stated that, in his opinion, a fair and just judgment could not be rendered on the record and that a mistrial was declared on August 6th and the cause re-set for trial on September 15th.

 Under the undisputed facts shown by the relators' petition the only question to be decided at the end of the trial was whether the lease gave Waddells' lessees the right to sell the water. They had no such right. Under the law and undisputed evidence the Waddells were entitled to a judgment against Empire Drilling Company for $2,000.00 and against Milhoan Drilling Company for $4,000.00. While most of the decisions applicable to the point presented are in cases where a jury verdict was returned and received disposing of all facts essential to a judgment, petitioners certainly have no less right in a trial to the court, where the undisputed facts and the law applicable thereto showed relators were entitled to the judgment sought. We entertain no doubt as to the proper intentions of the trial judge. However, we think there was an erroneous conclusion of law when he refused to enter judgment on the undisputed evidence set out in relators' petition. The only reason given by the judge for declaring a mistrial was that heretofore stated. The same reason is reiterated in the judge's reply to relators' petition. Presumably, no other reason existed. McGregor v. Allen, Tex.Civ.App., 195 S.W.2d 945, 947. No motion for a mistrial was ever filed.

In Anderson v. Blalock et al., Tex.Civ. App., 272 S.W.2d 741, a jury returned a verdict for the plaintiff. The court had pending plaintiff's motion for judgment on the verdict and defendants' motion for judgment non obstante veredicto. It was held that, in the absence of a motion for mistrial, it was error for the court to grant a mistrial and that it was the court's duty to proceed to judgment by granting one of said motions. In Gulf Colorado & Santa Fe Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, in an opinion approved by the Supreme Court, the court refused to render judgment for the defendant upon a jury verdict for defendant because of his belief that an irreconcilable conflict existed in the verdict. The court held that since the trial judge had set the verdict aside solely because of his belief that such a conflict existed and, since he was wrong as a matter of law in that conclusion, he should be required to enter judgment on said verdict. It held that no discretionary power was vested in the court to set the verdict aside; that the entry of a judgment upon said verdict involved no judicial or discretionary power, but that

**502**

it was simply a ministerial act which the trial court should be required to perform by mandamus. In Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W. 2d 731, 735, our Supreme Court said:

"Judgment should be rendered for the defendant, because the verdict found acts of negligence on the part of plaintiff and that such acts, concurring or co-operating with negligent acts of the defendant, were proximate causes of the injuries. The trial court's action in declaring a mistrial was in effect a refusal to proceed to judgment."

In Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875, in an opinion approved by the Supreme Court, it was held, in an action to foreclose a vendor's lien, that when a jury found all the facts necessary to support defendant's plea of limitation the court improperly and arbitrarily refused to enter judgment on the verdict on the ground of a conflict with a finding that plaintiff had a valid and subsisting lien, since the latter finding was merely an erroneous conclusion of law. In McGregor v. Allen, Tex. Civ.App., 195 S.W.2d 945, it was held that a statement, in an order declaring a mistrial, of the reason therefor implied the absence of any other. In Ellzey v. Allen, Tex.Civ.App., 172 S.W.2d 703, it was held that when the record entitled defendant to judgment, the rendition of which was a ministerial act not involving exercise of discretion, a mandamus would lie to compel setting aside an order for a mistrial and rendition of judgment. See also W. T. Rawleigh Company v. Sims, Tex.Civ. App., 108 S.W.2d 332; Missouri-Kansas-Texas Ry. Co. v. Thomas, Tex.Civ.App., 282 S.W.2d 912, 914; Woodmen of the World Life Ins. Co. v. Davenport, Tex.Civ.App., 159 S.W.2d 913; City of Houston v. Adams, 154 Tex. 448, 279 S.W.2d 308, 314; Simpson v. Charity Benevolent Ass'n, 137 Tex. 215, 152 S.W.2d 1093, 1095.

We conclude that under the undisputed facts, petitioners were as a matter of law entitled to have a final judgment rendered. The petition is granted. We assume the trial court will promptly comply with this decision. The clerk will, therefore, not issue the Writ unless the court shall fail to do so.