**LONE STAR GAS COMPANY, Relator,**

v.

**Honorable O. L. PARISH et al., Respondents.**

No. 11120.

Court of Civil Appeals of Texas.

Austin.

June 26, 1963.

Hardeman, Smith & Foy, San Angelo, Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case, Jack Pew, Jr., Dallas, for appellant.

Kerr, Gayer, Ray & Lyons, San Angelo, for appellees.

PHILLIPS, Justice.

This is an original proceeding filed herein by our leave in which relator seeks to invoke our jurisdiction under Art. 1824, Vernon's Annotated Civil Statutes, to require respondent, Honorable O. L. Parish, Judge of the District Court of Tom Green County, 119th Judicial District, to render judgment on the verdict of the jury. The following is taken from relator's petition for writ of mandamus:

"IV. The trial pleadings were Plaintiffs' first amended original petition and Defendant's first amended original answer. Plaintiffs alleged that they are the owners of Eubanks Furniture, a store in San Angelo; that Defendant while engaged in maintenance work near the store, had placed flare pots around the area where the work was going on; and that, through Defendant's negligence, smoke and soot from the flare pots drifted into Plaintiffs' store and damaged their stock. Defendant's pleading included a general denial and allegations of contributory negligence and unavoidable accident.

"V. The case went to trial on March 18, 1963, and, on the afternoon of March 19, 1963, after both sides had presented evidence and the arguments of counsel had been made, nine special issues were submitted to the jury.

These special issues may be summarized as follows:

No. 1—Whether, on the occasion in question, Defendant's employees had operated flare pots that emitted black, greasy soot.

No. 2—Whether such operation, if any, was negligence.

No. 3—Whether such negligence was a proximate cause of the damage.

No. 4—The damage issue.

No. 5—Whether Plaintiff was negligent in leaving his front door open while the flares were burning.

No. 6—Whether such negligence, if any, was a proximate cause of the damage.

No. 7—The unavoidable accident issue.

No. 8—Whether Plaintiff could have mitigated his damages.

No. 9—By what amount of money Plaintiff could have mitigated his damages.

"VI. The jury deliberated until approximately 5:45 P.M., and then adjourned for dinner. It returned at approximately 7:00 P.M., and at approximately 9:30 P.M., it sent the following note to Judge Parish:

" 'Jury agrees on #1 As *Yes*

Jury splits on #2—9 No—3 Yes
                    votes

#4—Not voted

Jury agrees on #5 as *No*

Jury agrees on #7 "It was an unavoidable accident"

Jury splits on #8—11 Yes—1 No

#9—Not voted

               Rooker, Foreman'

Judge Parish showed this note to counsel for Plaintiffs and counsel for Defendant, and then called the jury into open court. With both counsel for *Plaintiffs* and counsel for *Defendant* present, Judge Parish inquired of the jurors whether they could reach a verdict, and the foreman answered that the jury could not answer all the special issues unanimously, but that they had answered some of the issues and had written those answers in the appropriate places on the charge. After asking counsel for Plaintiffs and counsel for Defendant whether they wished the jury to be interrogated further, and receiving no request for further interrogation, Judge Parish thereupon read aloud the answers made by the jury to the special issues, indicating, where no answer had been made, that there was no answer. The answered issues were as follows:

No. 1 (Whether Defendant operated flare pots that emitted black, greasy soot): 'Yes.'

No. 5 (Whether Plaintiff was negligent in failing to close the door): 'No.'

No. 7 (Unavoidable accident): 'It was the result of an unavoidable accident.'

The other issues were not answered.

"After Judge Parish read the verdict as aforesaid, he inquired of counsel for Plaintiffs and counsel for Defendant whether they wished any other question to be directed to the jury. Both counsel answered that they did not. Thereupon, Judge Parish announced that he would receive the verdict. No objection to receipt of the verdict was then made by anyone. No motion was made that the jury be required to deliberate further. The jury was thereupon discharged. The foreman having signed the verdict, it was filed at 10:00 o'clock P.M. March 19, 1963.

"VII. On March 20, 1963, Defendant filed its motion for judgment on the

verdict, and Plaintiffs filed their motion for venire facias de novo. On April 3, 1963, Judge Parish granted Plaintiffs' motion for the sole reason that the verdict was incomplete and would not support a judgment, the written order containing the following:

" 'And it further appearing to the Court that the verdict of the jury is incomplete, (such verdict being incorporated herein by reference,) and that no judgment should be entered thereupon.

" 'IT IS THEREFORE ORDERED by the Court that the motion of Defendant, Lone Star Gas Company, for judgment on the verdict be, and same is hereby overruled; that the motion of Plaintiffs, Milton S. Eubanks and Florene Eubanks d/b/a Eubanks Furniture, for venire facias de novo, be and the same is hereby sustained; that a mistrial be and it is hereby declared, and that this cause shall stand on the docket for trial at such date as may be determined by the court.' "

Relator contends that, under the circumstances of this case, Judge Parish's reason for granting the mistrial was incorrect in that plaintiffs in the trial waived their right to secure any additional answers to the special issues and that the verdict contains all of the findings necessary to support a judgment for relator. Relator further contends that Judge Parish had and has the ministerial duty to enter judgment on the verdict for relator that plaintiffs respondents take nothing. That since Judge Parish's order granting the mistrial is not appealable, Defendant is without remedy to obtain its judgment other than by this petition for writ of mandamus.

Rule 300, Texas Rules of Civil Procedure, provides, in part, that "[w]here a special verdict is rendered * * * the court shall render judgment thereon unless set aside or a new trial is granted * * *."

If the verdict has been properly set aside by the Trial Court under this Rule, then there is no verdict upon which judgment should be or can be rendered.

In a sworn answer to relator's petition, Judge Parish states:

"III. It is agreed that the Trial Court granted Plaintiffs' motion for a mistrial, but it is specially denied that the sole reason for such action was that the jury verdict was incomplete.

"IV. The Trial Court decided before receiving the partially answered charge that the jury was hopelessly deadlocked and in permanent disagreement on the answers to the issues numbered 2, 3, 4, 8 & 9, and had been kept together for such a time as to render it altogether improbable that they would ever reach any further agreement, and they should be discharged without further deliberation, whatever the answers then were, and that a mistrial should be declared.

"V. The Trial Court decided, of its own motion, that the answer to special issue numbered 5 was so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong."

We accept as true all factual statements made by Judge Parish in the quotation above.

■ It is our opinion that Judge Parish in the exercise of judicial discretion set aside the jury verdict upon which relator seeks to predicate a judgment and that this action in doing so is not shown to be arbitrary or void.

Relator maintains that the verdict was sufficient for the rendition and entry of judgment, that such rendition and entry is a ministerial act that should be compelled by this Court. In this connection, relator cites the opinion of this Court in Fox v. Lewis, Tex.Civ.App., 344 S.W.2d 731, for authority.

We find no fault with the law enunciated by relator in Fox v. Lewis, however, the

**716**

rule quoted has no application here inasmuch as the Fox Case was not a proceeding in mandamus and consisted of a fact situation wholly unrelated to the case at bar.

Relator further contends that where the judge's order specifically sets out a reason for his granting a mistrial and refusing to enter judgment on the verdict, he thereby indicates that no other reason exists, and if the stated reason is erroneous and does not involve the exercise of judicial discretion, the writ of mandamus will issue. In support of this contention, relator cites Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Indemnity Insurance Company of North America v. Craik, 162 Tex. 260, 346 S.W.2d 830, among others. These cases are not in point here as they involve situations where the sole reason given by the judge for refusing to enter judgment was erroneous or the judge was in error in ruling that the issues answered would not support a judgment. These cases do not involve a situation such as we have here where a judge in his discretion orders a new trial, not arbitrarily, but in the interests of justice.

Relator further takes the position that while the plaintiffs below did have the right to have the jury retire for further consideration of the primary negligence issues under the doctrine in Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368, that they waived this right by their failure to call this to the attention of the Court. In behalf of this contention they cite Lewis v. Texas Employer's Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599.

We do believe that had Judge Parish not filed his answer stating the reasons for his decision in the case, that the relator herein would have been entitled to his writ under the authority he has cited.

 We base our holding in this case on our opinion in Polis v. Fuchs, Tex.Civ.App., 315 S.W.2d 577, no writ history, which followed the law as stated by the Texas Supreme Court in Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875, 876. These cases hold that the Trial Court may, on his own motion, set aside a jury verdict or accomplish the same end by granting a new trial in cases where the Court exercises a judicial rather than a ministerial function. Such is the case here.

As stated above, relator would have been entitled to have had judgment entered on the original record that was presented to this Court. Later, when Judge Parish's reasons for his actions became known to this Court, the whole complexion of the case was changed. Due to these circumstances and in the interest of fairness, we hold that the costs in this proceeding should be taxed against the respondents, Milton S. Eubanks and wife, Florene Eubanks.

The mandamus is denied.

Mandamus Denied.